No. 1-10-0730

SECOND DIVISION
NOVEMBER 16, 2010

| | | |
|---|---|---|
| *In re* MARRIAGE OF ANASTASIA VAILAS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 09 D 230316 |
| | ) | |
| GEORGE N. VAILAS, | ) | Honorable |
| | ) | Jeanne Reynolds, |
| Respondent-Appellant. | ) | Judge Presiding. |

**OPINION**

JUSTICE CONNORS delivered the judgment of the court, with opinion.

Presiding Justice Cunningham and Justice Karnezis concur in the judgment and opinion.

This appeal arises out of petitioner Anastasia Vailas' petition in the circuit court of Cook County to modify a child support order that was issued by a Texas court following petitioner's divorce from respondent George N. Vailas. Respondent moved to dismiss the petition for lack of jurisdiction under the Uniform Interstate Family Support Act (750 ILCS 22/101 *et seq*. (West 2008)). The trial court found that it had jurisdiction and denied respondent's motion. For the reasons that follow, we reverse and remand with directions.

BACKGROUND

The parties married in Illinois in 1986, and their son was born here about 10 years later. The parties left Illinois and moved to Brazoria County, Texas, where they divorced in 2007. As part of the divorce decree, the Texas court included a child support order that obliged respondent

1

to pay $1,200 per month to petitioner for the care of their minor son. Petitioner returned to Illinois and took up residence here with the parties' son, while respondent remained in Texas.

On June 3, 2009, petitioner filed a petition in the circuit court to register the Texas court's final decree of divorce as a foreign judgment. The petition did not state the statutory basis for the registration, and it did not indicate whether petitioner sought to register the judgment for the purpose of enforcement or modification. Respondent did not object to the registration, and on August 24, 2009, petitioner asked the circuit court to enter an order enrolling and registering the judgment in Illinois. This motion also did not indicate the purpose for which petitioner sought to register the judgment. Petitioner sent respondent notice of her filings, and respondent did not object to the enrollment of the judgment in Illinois.

Two months later, on October 19, 2009, petitioner filed the petition to modify the child support order that is at issue in this appeal. Petitioner alleged in her petition that an increase in support was necessary because she was unemployed and a full-time student, while respondent was employed as a successful physician and earned between $1,000 and $2,000 per day. Petitioner served respondent personally while he was in Illinois visiting the parties' son on October 19, 2009, which was the same day that she filed her petition.

Two days later, on October 21, 2009, the circuit court entered an order enrolling the final divorce decree. Based on the record, we are uncertain whether respondent was present in court on that date. The record does not contain a notice of motion or proof of service, and there is no appearance by respondent in the record prior to November 13, 2010. Petitioner claims in her brief that the notice was filed with the circuit court, but she has not included this notice in the

record on appeal. Based on the record that we have before us, therefore, we must assume that respondent was neither aware of nor present at the hearing during which the order of enrollment was entered.

Respondent filed an appearance through counsel on November 13, 2009, and immediately moved to dismiss the petition to modify the support order for lack of jurisdiction under section 2-209 of the Code of Civil Procedure (735 ILCS 5/2-209 (West 2008)). Respondent argued that the circuit court lacked both personal and subject matter jurisdiction under Illinois' version of the Uniform Interstate Family Support Act ("the Family Support Act") (750 ILCS 22/101 *et seq*. (West 2008)). After full briefing by the parties, the circuit court held a hearing on February 18, 2010, and found that it had jurisdiction over this case. Respondent filed a timely petition for interlocutory appeal under Supreme Court Rule 306(a)(3) (eff. Sept. 1, 2006), which we granted on June 24, 2010.

## ANALYSIS

At issue in this appeal are the circumstances under which the circuit court has jurisdiction to modify a foreign child support order. Respondent argues that the circuit court has neither personal nor subject matter jurisdiction unless the prerequisites of section 611 of the Family Support Act are met. See 750 ILCS 22/611 (West 2008). Petitioner contends that section 611 is not relevant because respondent was served personally within Illinois, which is sufficient under section 201(a)(1) of the Family Support Act for jurisdiction. The construction of these provisions of the Family Support Act is a question of first impression in Illinois. We review questions of statutory construction *de novo*. See *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29,

No. 1-10-0730

35 (2009).

The Uniform Interstate Family Support Act (UIFSA) was drafted by the National Conference of Commissioners on Uniform State Laws (NCCUSL) and was first promulgated in 1992. See Unif. Interstate Family Support Act, Prefatory note, 9 U.L.A. 161 (2001). In 1996, Congress mandated adoption of UIFSA by all states as a condition of receiving federal funds for child support enforcement (42 U.S.C. § 666 (2000)), and by 1998, it had been enacted in every state. UIFSA has been amended by NCCUSL several times. Illinois first adopted UIFSA in 1994, and the 2001 amendments were incorporated into Illinois law in 2004. NCCUSL amended UIFSA most recently in 2008, but the Illinois legislature has not yet incorporated these amendments into Illinois law. We therefore must confine our analysis to the version of UIFSA that was amended in 2001 and adopted Illinois in 2004 as the Family Support Act.

We first consider whether the circuit court had personal jurisdiction over respondent. Personal jurisdiction under the Family Support Act is controlled by section 201. See 750 ILCS 22/201 (West 2008). In an action to establish or enforce a support order, the provisions of subsection (a) control a circuit court's ability to exercise personal jurisdiction over a defendant. See 750 ILCS 22/201(a) (West 2008). These bases of personal jurisdiction are similar to those for civil actions in general (735 ILCS 5/2-209 (West 2008)), including personal service of the defendant while physically present in Illinois (735 ILCS 5/2-209(b)(1) (West 2008)). The Family Support Act specifically authorizes personal jurisdiction over a defendant who is "personally served with notice within the State." 750 ILCS 22/201(a)(1) (West 2008). The parties agree that petitioner personally served respondent in Illinois on October 19, 2009, and

4

there is no dispute that the circuit court would therefore be able to assert personal jurisdiction over respondent in order to establish or enforce a support order.

This case is not, however, an action to establish or enforce such an order, but is instead an action to modify an order that is already in existence. The Family Support Act treats jurisdiction in this situation differently, noting in section 201(b) that "[t]he bases of jurisdiction set forth in [750 ILCS 22/201(a) (West 2008)] or in any other law of this State *may not be used* to acquire personal jurisdiction for a tribunal of this State to *modify* a child support order of another state unless the requirements of Section 611 *** are met." (Emphasis added.) 750 ILCS 22/201(b) (West 2008).[1] The plain meaning of this section is that, in addition to the normal prerequisites for establishing personal jurisdiction, the requirements of section 611 must also be met.

Petitioner ignores section 201(b) and argues that the circuit court had personal jurisdiction over respondent because he was personally served in Illinois in compliance with section 201(a)(1). We disagree. While in-state service would be sufficient in an action to establish or enforce a support order, section 201 unambiguously requires more in a modification action such as this. Petitioner's argument would have more force under UIFSA as originally promulgated, which did not include the requirements of section 201(b). See Unif. Interstate Family Support Act § 611, 9 U.L.A. 442 (1996). This subsection was added by the 2001 amendments to UIFSA, which Illinois has adopted as the Family Support Act. The 2001

---

[1] Section 201(b) also requires that the requirements of section 615 be satisfied in order to exercise personal jurisdiction. However, section 615 deals with modification of child-support orders issued by foreign countries or their political subdivisions, which is a situation that is not at issue in this particular case. See 750 ILCS 22/615 (West 2008).

committee comments to section 201 note,

> "[T]he addition of new Subsection (b) [is] designed to preclude a tribunal of the forum from ignoring the restrictions on modification of child-support orders established by UIFSA. *** The 2001 amendments make clear that a tribunal may not apply the long-arm provisions of Subsection (a), or any other law of the forum, and thereby assert that personal jurisdiction over both individual parties to a support order of another State is sufficient to modify that order. The limitations on the exercise of subject matter jurisdiction provided by Section[] 611 *** must be observed irrespective of the existence of personal jurisdiction over the parties. *** Subsection (b) is intended to cement the principle that modification of an existing order is not subject solely to the usual rules of personal jurisdiction over both parties." Unif. Interstate Family Support Act § 201 comment, 9 U.L.A. 187 (2001).

Although we do not find section 201 to be ambiguous and therefore need not resort to the committee comments in our construction of section 201 (*Krohe v. City of Bloomington*, 204 Ill. 2d 392, 395 (2003)), we find them to be instructive. Based on the plain language of section 201(b) and the intent of the drafters, serving respondent with process in Illinois was a necessary prerequisite for the circuit court to exercise personal jurisdiction in this case, but it was not sufficient by itself. Section 611 must also be satisfied.

Section 611 of the Family Support Act enumerates the prerequisites for a court to exercise subject matter jurisdiction over modification of a registered foreign child support order.

6

No. 1-10-0730

The Family Support Act's requirement that section 611 be satisfied in order to exercise both personal and subject matter jurisdiction makes the jurisdictional analysis in this case unusual. In order to determine whether the circuit court had personal jurisdiction over respondent under section 201(b), we must simultaneously determine whether the circuit court had subject matter jurisdiction over this action pursuant to section 611.

We consequently next examine whether the circuit court had subject matter jurisdiction. Under section 611, a previously issued child support order may be modified only if, "after notice and hearing," the circuit court finds that one of two sets of conditions are met. 750 ILCS 22/611(a) (West 2008). First, the order may be modified if "(A) neither the child, nor the petitioner who is an individual, nor the respondent resides in the issuing state; (B) a petitioner who is a nonresident of this State seeks modification; and (C) the respondent is subject to the personal jurisdiction of the tribunal of this State." 750 ILCS 22/611(a)(1) (West 2008). Alternatively, the order may be modified if "[Illinois] is the State of residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this State and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this State to modify the support order and assume continuing, exclusive jurisdiction." 750 ILCS 22/611(a)(2) (West 2008).

The record before us does not contain any findings by the circuit court that either set of requirements under section 611 for modification were met. Although the circuit court heard arguments and reviewed the parties' written briefs on this issue, the circuit court did not make any section 611 findings on the record. We are therefore unable to determine whether the circuit

7

court had personal jurisdiction over respondent pursuant to section 201(b) or subject matter jurisdiction under section 611.

Petitioner contends that the lack of section 611 findings does not prevent the circuit court from exercising jurisdiction for three reasons. First, petitioner argues that respondent has waived his personal jurisdiction arguments because he allegedly did not file an objection to jurisdiction. Second, relying on *Burnham v. Superior Court of California*, 495 U.S. 604 (1990), petitioner argues that personal service of respondent in Illinois is sufficient for the circuit court to exercise personal jurisdiction. Third, petitioner argues that the legislature does not have the authority under the Illinois constitution to limit the subject matter jurisdiction of the courts through UIFSA. We find each of these contentions to be without merit.

Petitioner first asserts that respondent never filed an objection to the court's jurisdiction as required by section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2008)), and that respondent's arguments are therefore forfeited. This argument is meritless. Section 2-301 allows a party who objects to the court's jurisdiction to file a motion to dismiss for lack of jurisdiction. See 735 ILCS 5/2-301(a) (West 2008). The motion must be filed before the party files any pleadings or other motions (735 ILCS 5/2-301(a) (West 2008)), or else the jurisdictional objection is forfeited (735 ILCS 5/2-301(b) (West 2008)). The record in this case demonstrates that respondent filed his motion to dismiss for lack of jurisdiction on the day that he entered his appearance, and that he has not filed any additional pleadings or motions. We therefore find that respondent has not forfeited his objection to jurisdiction.

Second, petitioner argues that the fact that respondent was personally served in Illinois

resolves any jurisdictional issues, citing *Burnham v. Superior Court of California*, 495 U.S. 604 (1990). In *Burnham*, the petitioner was a nonresident of California who was legally separated from his wife and who resided in New Jersey. The petitioner traveled to California in order to visit his children and conduct business, and while in California he was personally served with divorce papers by his wife. The petitioner moved to quash the summons under the due process clause of the U.S. Constitution, arguing that he lacked sufficient minimum contacts with California for its courts to constitutionally exercise personal jurisdiction over him. The circuit court denied the motion and the California appellate court affirmed, finding that jurisdiction was proper because it was "a 'valid jurisdictional predicate for in personam jurisdiction' that the 'defendant [was] present in the forum state and personally served with process.' [Citation.]" *Id.* at 608. The U.S. Supreme Court affirmed, holding that "the Due Process Clause does not prohibit the California courts from exercising jurisdiction over petitioner based on the fact of in-state service of process." *Id.* at 628.

Based on *Burnham*, petitioner here argues that the circuit court may exercise personal jurisdiction over respondent because he was served with notice of the petition for modification while he was physically present in Illinois, and that the requirements of section 611 are therefore irrelevant. We disagree, and we find that *Burnham* does not apply to this case. The question presented in *Burnham* was whether the Due Process Clause of the U.S. Constitution prohibited personal jurisdiction over the petitioner because he had no contacts with California other than his physical presence in the state when he was served with process. We have no doubt that jurisdiction over petitioner in this case is constitutionally permissible under *Burnham* because he

9

was served personally in Illinois. Rather, the question at bar is whether jurisdiction is permissible under Illinois law, and specifically under the Family Support Act.

As the U.S. Supreme Court noted in *Burnham*, "[a]mong the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State." *Burnham*, 495 U.S. at 610. However, states may choose to limit their own jurisdictional reach to something less than that allowed by the due process clause, as Illinois law did prior to 1989. See *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill. 2d 190, 197 (1981) ("[T]his due process standard represents only the outer limits beyond which a State may not go to acquire jurisdiction over nonresidents. A State is free to set its own limits in acquiring this jurisdiction within the perimeters allowed by the due process clause."). In 1989, Illinois amended section 2-209 of the Code of Civil Procedure in order to extend its jurisdiction to the maximum extent permitted under the due process clause. See *Pilipauskas v. Yakel*, 258 Ill. App. 3d 47, 55 (1994). With the enactment of the Family Support Act in 2004, however, Illinois elected to limit its jurisdiction over petitions for modification of child-support orders.

The extensive comments by NCCUSL to the 2001 amendments of UIFSA section 611 explain the rationale behind this decision, and they are worth quoting at length:

> "Several arguments sustain the jurisdictional choice made by UIFSA.
> First, 'jurisdiction by ambush' will be avoided. That is, personal service on either
> the custodial or noncustodial party found within the state borders will not yield
> jurisdiction to modify. Thus, a parent seeking to exercise rights of visitation,

delivering or picking-up the child for such visitation, or engaging in unrelated

business activity in the State, will not be involuntarily subjected to protracted

litigation in an inconvenient forum. The rule avoids the possible chilling effect on

the exercise of parental contact with the child that the possibility of such litigation

might have. Second, almost all disputes about whether the tribunal has

jurisdiction will be eliminated; submission by the petitioner to the State of

residence of the respondent alleviates this issue completely. Finally, because

there is an existing order the primary focus will shift to enforcement, thereby

curtailing to a degree unnecessary, time-consuming modification efforts. The

array of enforcement procedures available administratively to support

enforcement agencies may be invoked without resort to action by a tribunal."

Unif. Interstate Family Support Act §611 comment, 9 U.L.A. 256-57 (2001).

The drafters of UIFSA were also fully aware of the reach of *Burnham*, codifying its holding as

one of the bases for jurisdiction when establishing or enforcing an order of support. See 750

ILCS 22/201(a)(1) (2008); see also Unif. Interstate Family Support Act § 201 comment, 9

U.L.A. 187 (2001). However, the drafters specifically elected to limit personal and subject

matter jurisdiction in modification cases to something less than what is allowed under the due

process clause.

Contrary to petitioner's arguments, it is abundantly apparent that the drafters of UIFSA

specifically intended section 611 to prohibit personal and subject matter jurisdiction in the

precise factual situation presented by this case. As the comments to section 611 note,

> "This restriction attempts to achieve a rough justice between the parties in the majority of cases by preventing a litigant from choosing to seek modification in a local tribunal to the marked disadvantage of the other party. For example, an obligor visiting the children at the residence of the obligee cannot be validly served with citation accompanied by a motion to modify the support order.  Even though such personal service of the obligor in the obligee's home State is consistent with the jurisdictional requisites of *Burnham v. Superior Court*, 495 U.S. 604 (1990), the motion to modify does not fulfill the requirement of being brought by 'a [petitioner] who is a nonresident of this State.' "  Unif. Interstate Family Support Act § 611 comment, 9 U.L.A. 256 (2001).

In this case, respondent was served with process by petitioner for the purpose of modification while he was visiting his children in Illinois and has been drawn into litigation in a state that he is not a resident of, which is the precise scenario sought to be avoided by UIFSA.  By adopting UIFSA in Illinois, the legislature has chosen to create a specific statutory process for establishing personal and subject matter jurisdiction in child-support order modification cases.  It is compliance with this procedure alone, as set forth in sections 201(b) and 611 of UIFSA, that confers jurisdiction over an obligor in modification cases.  We therefore reject petitioner's second argument and hold that personal service within Illinois, while constitutionally sufficient for jurisdiction under *Burnham* in other instances, does not confer either personal or subject matter jurisdiction in modification cases absent compliance with section 611.[2]

---

[2]Although Illinois has not yet adopted the 2008 amendments to UIFSA, we note that our reasoning and holding are also fully consistent with the intent of the drafters as expressed in those amendments.  The most recent comments to section 611 discuss the reason for limiting

Third, petitioner argues that the legislature does not have the authority under the Illinois Constitution to limit the subject matter jurisdiction of the courts. Petitioner raises this argument for the first time on appeal, and we ordinarily will not consider issues that were not raised in the circuit court. See *In re Cerven*, 317 Ill. App. 3d 895, 902 (2000). Moreover, a party challenging the constitutionality of a state statute must notify the Attorney General of the challenge so that the Attorney General may enter an appearance and represent the interests of the state in the action. See Ill. S. Ct. R. 19(a), (c) (eff. Sept. 1, 2006). Failure to comply with Rule 19 results in forfeiture of the issue. See *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 119 (2004). While we have discretion to excuse late compliance with Rule 19 (*Village of Lake Villa*, 211 Ill. 2d at 119), we will not excuse noncompliance (*Pappas v. Calumet City Municipal Officers' Electoral Board*, 288 Ill. App. 3d 787, 791 (1997)). Petitioner here both failed to raise this issue in the circuit court and failed to notify the Attorney General of her intent to challenge the constitutionality of the Family Support Act on appeal. We will not address the constitutionality of the Family Support Act without giving the attorney general an opportunity to present the state's position on the matter. *Cf. Pappas*, 288 Ill. App. 3d at 791 (1997). We consequently find

---

jurisdiction in modification cases:

> "The deciding factor, determined after extended debate, centered on curbing or eliminating the undesirable effect of 'ambush or tag' jurisdiction, e.g., the likelihood that the parties would vie to strike first to obtain a home-town advantage. Although constitutional under Burnham v. Superior Court, 495 U.S. 604 (1990), such lawsuits would discourage continued contact between the child and the obligor, or between the parties for fear of a lawsuit in a distant forum. Thus, the goal was to avoid the situation in which modification would be available in a forum having personal jurisdiction over both parties based solely on the ground that service of process was made in the would-be forum state." Unif. Interstate Family Support Act §611 comment, 9 U.L.A. 134 (2010 Supp.).

that petitioner has forfeited her third argument.

Finally, we turn to the circuit court's ruling on the motion to dismiss. The circuit court accepted petitioner's reliance on *Burnham* and found that it had jurisdiction over respondent because he had been personally served in Illinois. Because we hold that jurisdiction over petitions for modification is only proper pursuant to sections 201 and 611 of the Family Support Act, we reverse the circuit court's order.

However, because the circuit court relied on *Burnham* rather than the Family Support Act in its ruling, the circuit court did not make any factual findings on the record as required by section 611. See 750 ILCS 22/611 (West 2008). As a result, we are unable to determine from the record whether jurisdiction is proper in this case. We must therefore remand this matter to the circuit court with directions to conduct a hearing pursuant to section 611 of UIFSA in order to determine whether jurisdiction is proper. If the requirements of sections 201 and 611 have not been met, then the circuit court is directed to enter an order dismissing the case for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, the order of the circuit court denying respondent's motion to dismiss is reversed. This case is remanded to the circuit court with directions to conduct a hearing and make findings pursuant to section 611 of the Uniform Interstate Family Support Act (750 ILCS 22/611 (West 2008)).

Reversed and remanded with directions.