2016 IL App (1st) 152109

FIFTH DIVISION
June 24, 2016

No. 1-15-2109

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, Not in Its Individual Capacity but Solely as Owner Trustee for Newlands Asset Holding Trust, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 13 CH 28475 |
| v. | ) | |
| | ) | |
| NATALIE JUNIOR and MARVIN JUNIOR, | ) ) | Honorable Pamela M. Meyerson, |
| Defendants-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.
Justice Lampkin concurred in the judgment and opinion.
Justice Gordon dissented, with opinion.

**OPINION**

¶ 1    Defendants Natalie and Marvin Junior, *pro se*, appeal from the circuit court of Cook County's order approving the sale of their property in a judicial foreclosure action.[1] On appeal, defendants contend that the Illinois mortgage foreclosure procedures violate due process. For the reasons that follow, we affirm the judgment of the circuit court.

---

[1]We observe that defendants' brief indicates they are appealing the order granting summary judgment in favor of the plaintiff. No such order exists in the record. Defendants' reply as well as the notice of appeal, however, state they are seeking a reversal of the circuit court's "final judgment," which, in foreclosure cases, procedurally would be the order approving the sale. See *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12.

¶ 2                                    BACKGROUND

¶ 3     Initially, we note that defendants represented themselves in the proceedings below. No transcript of the proceedings is included in the record on appeal. Accordingly, the facts recited herein are derived from the documents filed with the circuit court and included in the record on appeal.

¶ 4     This matter commenced as a mortgage foreclosure action pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2014)). JPMorgan Chase Bank, N.A. (JPMorgan), initially filed the complaint on December 30, 2013, alleging defendants were in default for failure to make payments toward the mortgage on the property located at 15616 S. Ridgeway Avenue in Markham (the property). Attached to the complaint were copies of the mortgage and the note, which included a chain of indorsements from their original mortgage lender, First Home Mortgage Corporation to JPMorgan. The note was also indorsed in blank. The complaint also included copies of three loan modification agreements; the most recent being executed on January 18, 2013, between defendants and JPMorgan.

¶ 5     On March 4, 2014, defendants were present at a case management conference and were provided until April 1, 2014, to file an appearance and answer or otherwise plead.

¶ 6     Defendants did not file an appearance. On August 7, 2014, however, defendants filed a document entitled "Counter Claim" with the circuit court. In this document, defendants generally alleged that: (1) JPMorgan is not the holder of the note; (2) "[t]he original 13th Amendment to our Constitution has been illegally removed from publication"; (3) JPMorgan knowingly filed fraudulent documents with the court to expedite the foreclosure; (4) JPMorgan violated the Truth in Lending Act; (5) JPMorgan violated New Jersey business law; (6) JPMorgan violated New

Jersey banking law; and (7) JPMorgan did not comply with the National Housing Act (12 U.S.C. § 1701 *et seq.* (2012)). Defendants also made discovery requests for production of such items as the original promissory note, the "call reports," and the "original order." The record does not indicate whether defendants were granted leave to file this document.

¶ 7　On August 8, 2014, the circuit court found defendants to be in default and entered a judgment of foreclosure and sale. Thereafter, on August 10, 2014, Marvin filed a motion to vacate the judgment of foreclosure on behalf of defendants, arguing that they were not present in court when the judgment was entered and, generally, that there is a defense to the foreclosure action. The circuit court denied the motion, but did not provide a basis for its ruling.

¶ 8　On January 7, 2015, JPMorgan filed a motion to substitute party plaintiff from JPMorgan to U.S. Bank Trust National Association (U.S. Bank).

¶ 9　On January 13, 2015, defendants filed a "Writ in the Nature of Discovery," which set forth generalized statements citing to the Uniform Commercial Code (810 ILCS 5/1-101 *et seq.* (West 2014)) and the Truth in Lending Act (15 U.S.C. § 1601 *et seq.* (2014)). The document also contained requests for numerous items of discovery.

¶ 10　On February 10, 2015, defendants filed a three-page document in which they maintained there is a "missing 13th Amendment" which prohibits lawyers from serving in government, and, therefore, the court did not have subject matter jurisdiction over the foreclosure action.

¶ 11　The property was subsequently sold at a judicial sale on March 20, 2015, pursuant to the judgment of foreclosure previously entered on August 8, 2014. On March 24, 2015, JPMorgan filed two motions to strike the documents filed on January 13 and February 10, 2015, with prejudice. Neither of these documents were noticed for presentment before the court. Thereafter, JPMorgan filed a motion to confirm the sale. On June 10, 2015, the circuit court granted

JPMorgan's motion and struck the two documents. The circuit court also entered a briefing schedule on the motion to confirm the sale. In addition, the court, having not yet ruled on the motion to substitute plaintiff, requested that JPMorgan provide the court with the documents supporting its motion.

¶ 12    Defendants' response to the motion to confirm the sale was similar in form and substance to their prior filings. Defendants argued that they had been requesting discovery documents for a year and a half, that JPMorgan had not proven it had standing, and that the court and JPMorgan's counsel did not have jurisdiction to enter the order approving the sale based on the "missing 13th Amendment." In addition, defendants asserted that, when asked, a judge must provide his or her "Oath of Office." Defendants' response cited various provisions of the Uniform Commercial Code and a Massachusetts foreclosure case.

¶ 13    In reply, JPMorgan maintained that defendants set forth no reason pursuant to section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2014)) to deny the confirmation of the sale. JPMorgan also filed with the circuit court a document entitled "Assignment of Judgment for Foreclosure and Sale" which indicated that it has assigned and transferred all of the rights and interests under the judgment of foreclosure entered in this matter on August 8, 2014, to U.S. Bank for good and valuable consideration.

¶ 14    On July 14, 2015, the sale was confirmed by the circuit court and an order of possession was entered in favor of U.S. Bank.[2] This appeal followed.

¶ 15                                    ANALYSIS

¶ 16    Prior to addressing the merits of the appeal, we observe that *pro se* litigants, such as

---

[2]No order granting JPMorgan's motion to substitute plaintiff is provided in the record on appeal. However, based on the record provided, it is evident that this request was granted by the circuit court.

4

defendants here, are not entitled to more lenient treatment than attorneys. See *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. In Illinois, parties choosing to represent themselves without a lawyer are "presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009).

¶ 17    With these principles in mind, we note that the brief filed by defendants fails to comply with our supreme court rules at various levels. First, defendants' brief fails to abide by our supreme court's rules regarding the structure and content of appellate briefs. See Ill. S. Ct. R. 341 (eff. Jan. 1, 2016); R. 342 (eff. Jan. 1, 2005). These rules are not mere suggestions, but are compulsory. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57. The purpose of these rules is to require the parties to present clear and orderly arguments before a reviewing court, so that the court can properly ascertain and dispose of the issues involved. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7.

¶ 18    Here, defendants' brief fails to provide a statement of facts regarding the history of the matter in the circuit court in violation of Rule 341(h)(6). Ill. S. Ct. R. 341(h)(6) (eff. Jan. 1, 2016). The brief also contains no citations to the record in violation of Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016). The failure to substantiate factual assertions with such citation to the record warrants the dismissal of an appeal because it renders it "next to impossible for this court to assess whether the facts as presented *** are an accurate and fair portrayal of the events in this case." *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993). Defendants' brief also does not contain an appendix as required by Illinois Supreme Court Rule 342 (eff. Jan. 1, 2005).

¶ 19    Second, defendants' assertions are not coherent legal arguments and are not supported by

citations to legal authority as required by Illinois Supreme Court Rule 341 (eff. Jan. 1, 2016). Rule 341(h)(7) requires that the argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016). "It is a rudimentary rule of appellate practice that an appellant may not make a point merely by stating it without presenting any argument in support." *Housing Authority of Champaign County v. Lyles*, 395 Ill. App. 3d 1036, 1040 (2009). Failure to properly develop an argument does "not merit consideration on appeal and may be rejected for that reason alone." *Id.* While defendants reference numerous cases outside of our jurisdiction, at no point in their argument do they reference an Illinois Appellate Court or an Illinois Supreme Court case in support of their argument. Although in certain instances we may consider cases from other jurisdictions (see *Majmudar v. House of Spices (India), Inc.*, 2013 IL App (1st) 130292, ¶ 18), defendants here do not set forth a compelling reason for us to do so as none of the cases relied upon involve the Foreclosure Law.

¶ 20    While we understand that defendants represent themselves in this appeal, we cannot bypass our supreme court rules to make an exception for a brief that does not comply with the rules in multiple aspects. "Supreme Court Rule 341 governing the form and contents of briefs is not just an arbitrary exercise of the supreme court's supervisory powers; its end purpose is that a reviewing court may properly ascertain and dispose of the issues involved." *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574-75 (1986). As a reviewing court, we are entitled to have the issues clearly defined with pertinent authority cited. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15 (quoting *Northwestern Memorial Hospital v. Sharif*, 2014 IL App (1st) 133008, ¶ 20). An appellant cannot expect this court to develop arguments and research the issues on the appellant's behalf. See *Northwestern Memorial Hospital*, 2014 IL App (1st)

133008, ¶ 20 ("It is well established that '[r]eviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump *** argument and research as it were, upon the court.' " (quoting *In re Estate of Kunz*, 7 Ill. App. 3d 760, 763 (1972))).

¶ 21    Despite the deficiencies in defendants' brief, we turn to consider the merits of the appeal. Defendants assert that the Illinois foreclosure procedures violated their due process rights. Defendants, however, do not specifically address which aspects of the Foreclosure Law violate due process. In response, U.S. Bank argues that this issue was not raised in the circuit court and is therefore forfeited on appeal.

¶ 22    We note, however, that U.S. Bank has failed to acknowledge that defendants are challenging the constitutionality of the Foreclosure Law for the first time on appeal. Generally, arguments that are not raised in the circuit court are forfeited on appeal. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14. "The purpose of this court's forfeiture rules is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction." *Id.* A statute's constitutionality, however, may be challenged at any time provided that the challenging party comply with Illinois Supreme Court Rule 19 (eff. Sept. 1, 2006). We note that defendants have not complied with Rule 19, nor have they requested this court grant them leave to comply with the rule.

¶ 23    Rule 19 provides:

    "(a) Notice Required. In any cause or proceeding in which the constitutionality or preemption by federal law of a statute, ordinance, administrative regulation, or other law affecting the public interest is raised, and to which action or proceeding the State or the

political subdivision, agency, or officer affected is not already a party, the litigant raising the constitutional or preemption issue shall serve an appropriate notice thereof on the Attorney General, State's Attorney, municipal counsel or agency attorney, as the case may be.

(b) Contents and Time for Filing Notice. The notice shall identify the particular statute, ordinance, regulation, or other law, and shall briefly describe the nature of the constitutional or preemption challenge. The notice shall be served at the time of suit, answer or counterclaim, if the challenge is raised at that level, or promptly after the constitutional or preemption question arises as a result of a circuit or reviewing court ruling or judgment.

(c) Purpose of Notice. The purpose of such notice shall be to afford the State, political subdivision, agency or officer, as the case may be, the opportunity, but not the obligation, to intervene in the cause or proceeding for the purpose of defending the law or regulation challenged. The election to intervene shall be subject to applicable provisions of law governing intervention or impleading of interested parties." Ill. S. Ct. R. 19 (eff. Sept. 1, 2006).

¶ 24    The purpose of Rule 19 is to provide the Attorney General with the opportunity to appear and represent the interests of the state in the action. *In re Marriage of Vailas*, 406 Ill. App. 3d 32, 42 (2010). An appellate court may permit a party to file a late notice pursuant to Rule 19 and address the constitutionality of a statute for the first time on appeal if the purpose of the rule has been served, and the opposing party is not prejudiced because it was aware of the constitutional nature of the claim. *Forest Preserve District of Du Page County v. First National Bank of Franklin Park*, 401 Ill. App. 3d 966, 994 (2010). However, our supreme court rules are "not

suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). This court has specifically found that "[f]ailure to comply with Rule 19 results in forfeiture of the issue." *Vailas*, 406 Ill. App. 3d at 42. It is within this court's discretion to decline to address a constitutional challenge to a statute where a party did not comply with Rule 19. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 119 (2004)).

¶ 25     While we may allow defendants leave to comply with the rule (see *Stokovich*, 211 Ill. 2d at 118-19, we decline to exercise our discretion in such a manner. First and foremost, defendants here have failed to notify the Attorney General of their intent to challenge the constitutionality of the Foreclosure Law and, therefore, have failed to comply with Rule 19. As previously discussed, the failure to strictly comply with Rule 19 is reason alone to forfeit defendants' constitutional challenge. See *Vailas*, 406 Ill. App. 3d at 42. Further, part of our analysis regarding whether defendants sufficiently complied with Rule 19 requires us to identify when defendants had standing to challenge the constitutionality of the statute. See *Villareal v. Peebles*, 299 Ill. App. 3d 556, 561 (1998). The record does not disclose exactly at what point during the foreclosure proceedings this question arose, thus, we cannot determine when defendants had standing. See *id.* Moreover, even assuming for the sake of argument that defendants had standing, at the latest, when the order approving the sale was entered on July 14, 2015, defendants did not raise their constitutional claim until they filed their brief on February 18, 2016. Accordingly, defendants' seven-month delay does not constitute prompt notice as required by Rule 19. See *id.*; see also *People ex. rel. Ward v. 1963 Cadillac Coupe*, 38 Ill. 2d 344, 348 (1967) (delay of 3½ months was "scarcely" consistent with a statute requiring the state's attorney to "promptly" exercise discretion). "While we have discretion to excuse late compliance with

Rule 19 [citation], we will not excuse noncompliance [citation]." *Vailas*, 406 Ill. App. 3d at 42 (citing *Stokovich*, 211 Ill. 2d at 119, and citing *Pappas v. Calumet City Municipal Officers' Electoral Board*, 288 Ill. App. 3d 787, 791 (1997)). Thus, we decline to exercise our discretion to allow defendants to bring forth Rule 19 and conclude defendants' constitutional argument is forfeited.

¶ 26   Forfeiture aside, we observe that defendants' due process claim revolves around the argument that the Foreclosure Law is constitutionally defective in that it allows a foreclosure to proceed without original documentary evidence. As stated in *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380:

> "For over 25 years, the Foreclosure Law has been interpreted as *not* requiring
> plaintiffs' production of the original note, nor any specific document demonstrating that
> it owns the note or the right to foreclose on the mortgage, other than a copy of the
> mortgage and note attached to the complaint." (Emphasis in original.) *Id.* ¶ 26 (citing
> *First Federal Savings & Loan Ass'n v. Chicago Title & Trust Co.*, 155 Ill. App. 3d 664,
> 665-67 (1987)).

Upon examining the statutes at issue, specifically section 15-201 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, ¶ 15-201) and section 15-1506 of the Foreclosure Law (735 ILCS 5/15-1506 (West 2010)), the *Korzen* court concluded the law as interpreted in *First Federal* has remained good law. *Korzen*, 2013 IL App (1st) 130380, ¶ 31. According to *Korzen*:

> "None of the versions of the statute use the word 'original,' nor does any
> specifically provide that originals must be produced in open court. With respect to
> production of original loan documents, the former law interpreted in *First Federal* is
> substantially the same as the current law. Both laws provide: (a) that the evidence to

support the allegations of the complaint shall be taken in open court; and (b) in cases of default or nondenial, the evidence of the indebtedness and security foreclosed shall be exhibited to the court and appropriately marked, and the exhibits or copies thereof shall be filed in the case. The only changes to the statute are merely stylistic, including one clarification that evidence of the indebtedness and security must now be exhibited in 'all' cases." *Id.*

The *Korzen* court thus held that "in Illinois, production of the original note in open court, rather than simply relying on the copy attached to the complaint, is not a required element of proof in a foreclosure case." *Id.* ¶ 32. We agree with the *Korzen* court and note that the language of section 15-1506 has remained unchanged since *Korzen* was published.

¶ 27    Furthermore, the legislature is presumed to be aware of judicial decisions interpreting legislation. *Pielet v. Pielet*, 2012 IL 112064, ¶ 48 (citing *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 218 (1983)). " 'Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law.' " *Burrell v. Southern Truss*, 176 Ill. 2d 171, 176 (1997) (quoting *People v. Hickman*, 163 Ill. 2d 250, 262 (1994)). Similarly, the legislature is presumed to have acted with such knowledge when amending a statute. *Morris v. William L. Dawson Nursing Center, Inc.*, 187 Ill. 2d 494, 499 (1999). Therefore, when the legislature reenacts a statute without modification it is assumed to have intended the same effect. *Williams v. Crickman*, 81 Ill. 2d 105, 111 (1980); *People ex rel. Klaeren v. Village of Lisle*, 316 Ill. App. 3d 770, 782 (2000). As section 15-201 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, ¶ 15-201) was subsequently reenacted as section 15-1506(b) of the Foreclosure Law (735 ILCS 5/15-1506(b) (West 2012)) and the legislature did not change the statute to require a plaintiff in a

11

foreclosure action to produce the original loan documents, it is presumed that the legislature acted with the intent to continue the practice of allowing plaintiffs to attach copies of the loan documents to establish a *prima facie* case. See *Williams*, 81 Ill. 2d at 111; *Korzen*, 2013 IL App (1st) 130380, ¶ 24.

¶ 28    We are mindful that *Korzen* did not take into consideration Illinois Supreme Court Rule 113 (eff. May 1, 2013), as it was not applicable to the complaint filed in that case. As JPMorgan's complaint was filed on December 30, 2013, Rule 113 is applicable to the matter at bar. Rule 113 provides in pertinent part that, "In addition to the documents listed in section 15-1504 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504), a copy of the note, as it currently exists, including all indorsements and alJonges, shall be attached to the mortgage foreclosure complaint at the time of filing." Ill. S. Ct. R. 113(b) (eff. May 1, 2013).

¶ 29    Here, JPMorgan attached to its complaint a copy of the mortgage executed between defendants and First Home Mortgage Corporation on December 22, 1999. Also attached to the complaint was a copy of the note, which contained numerous indorsements from: (1) First Home Mortgage Corporation to American Home Mortgage; (2) American Home Mortgage to Chase Manhattan Mortgage Corporation; and (3) Chase Manhattan Mortgage Corporation to JPMorgan. The last page of the note contained an indorsement in blank from JPMorgan. The note thus demonstrates that JPMorgan was the holder of the note at the time the complaint was filed. See *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12 (the copies of the mortgage and note attached to the complaint are *prima facie* evidence that the plaintiff holds the note). Further, JPMorgan's complaint complies with Rule 113(b), as it attached a copy of the

note as it existed at the time the complaint was filed, including all indorsements and allonges.[3] We further observe that Rule 113(b) does not require the plaintiff to provide the original note, but expressly states "a *copy* of the note, as it currently exists **** shall be attached to the mortgage foreclosure complaint at the time of filing." (Emphasis added.) Ill. S. Ct. R. 113(b) (eff. May 1, 2013). Thus, Rule 113(b) is consistent with section 15-1506 of the Foreclosure Law which also does not expressly require the original loan documents be presented, but which requires copies to be filed with the court. Compare Ill. S. Ct. R. 113(b) (eff. May 1, 2013), with 735 ILCS 5/15-1506 (West 2012); see *Korzen*, 2013 Ill App (1st) 130380, ¶ 31.

¶ 30    Leaving no issues remaining for this court to address, we must presume the circuit court acted in conformity with the law and affirm its judgment. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 31                                  CONCLUSION

¶ 32    For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

¶ 33    Affirmed.

¶ 34    Justice Gordon, dissenting.

¶ 35    I must respectfully dissent.  I would reverse and remand because U.S. Bank failed to comply with Illinois Supreme Court Rule 113 (eff. May 1, 2013).

¶ 36    Supreme Court Rule 113 provides that "[a]ll plaintiffs seeking a judgment of foreclosure *** shall be required to submit" a prove-up affidavit which provides the information listed in paragraph (c) of this rule.  Ill. S. Ct. R. 113(c) (eff. May 1, 2013).  In the case at bar, there is no question that Rule 113 applied, because it became effective on May 1, 2013, and this foreclosure

---

[3] We observe that the issue of whether JPMorgan's affidavit in support of the judgment of foreclosure complied with Illinois Supreme Court Rule 113(c) (eff. May 1, 2013) was not argued before the circuit court or on appeal.

action commenced months later, on December 30, 2013. Ill. S. Ct. R. 113(a) (eff. May 1, 2013) (the rule applies "to those foreclosure actions filed on or after the effective date of May 1, 2013").

¶ 37    The record before us fails to contain a paragraph (c) affidavit filed by either U.S. Bank or its predecessor, Chase.  The committee notes could not be more clear:  "No judgment of foreclosure will be entered without compliance with Paragraph C."  Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013). Thus, defendants are correct that they failed to receive the due process to which they were entitled.

¶ 38    For the reasons I explain more fully below, I must respectfully dissent.

¶ 39                                    Background

¶ 40    As the following description of the facts makes clear, defendants have asked repeatedly, and since the beginning of this action, for documents and accurate information.  This is just the type of situation that Rule 113 was designed to avoid. [4]

¶ 41    On December 30, 2013, Chase filed its complaint to foreclose a mortgage against defendants. *Supra* ¶ 4. Attached to the complaint were copies of the mortgage and the note, including a chain of indorsements from the original lender, First Home Mortgage Corporation, to Chase. *Supra* ¶ 4.  In their brief to this court, defendants stated that, on February 25, 2014, they moved for discovery requesting original documents pertaining to financial information.  A

---

[4]In footnote 3 of the majority opinion, the majority observes that defendants did not specifically cite Supreme Court Rule 113. *Supra* ¶ 29 n.3 (citing Ill. S. Ct. R. 113(a) (eff. May 1, 2013)). The majority does not disagree with the facts that defendants have asked repeatedly for documents and accurate information, and that this is just the type of situation that Rule 113 was designed to avoid. The majority also does not dispute the fact that neither U.S. Bank nor Chase made *any* attempt to comply with Rule 113. As the majority observed in paragraph 24 of its opinion, "our supreme court rules are 'not suggestion. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.' " *Supra*    ¶ 24 (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)).

written order, dated March 4, 2014, confirms that plaintiff's counsel and defendants were in court and that defendants were "waiting for a response to a request for discovery submitted to plaintiff's counsel," and the appellate record contains a discovery request from plaintiffs filed on March 19, 2014. This request is accompanied by two affidavits of service:  one that indicates that Chase was served on February 25, 2014; and another that indicates Chase was served again on March 31, 2014.  On April 1, 2014, defendants moved for a default judgment against Chase based on its failure to respond to defendants' discovery requests.

¶ 42    A "Certificate of Service," filed July 2, 2014, states that "the foregoing notice and Plaintiff's Response to Defendants' First Rule 214 Request for Production of Documents were served" on defendants.  However, the record does not show a response.

¶ 43    On August 7, 2014, defendants filed a document in which they stated that they "ma[d]e a special appearance to the Court."  The document also stated that it was asserting a counterclaim and moving for a default judgment due to Chase's failure to produce documents.  Defendants alleged, among other things, that Chase had filed fraudulent documents with the court and that Chase was not the holder of the note:

> "JP Morgan [Chase] is not the Holder in due course therefore the so-called Plaintiff does not possess the Note.  In the Closing accounting there is a zero Balance which means the Defendant is not the creditor. The purpose and reasoning that the Defendants have requested Discovery Documents is to ascertain and prove that JP Morgan [Chase] has conducted Fraud on a Massive level."

*Supra* ¶ 6.

¶ 44    On August 8, 2014, the trial court issued two written orders:  (1) an "Order of Default" stating that defendants had "failed to appear" and entering a default judgment against them; and

(2) a "Judgment for Foreclosure and Sale" in favor of Chase.  On August 18, 2014, defendants filed a motion for reconsideration and to vacate the judgment of foreclosure alleging a defense to the foreclosure action. The trial court denied this motion on December 2, 2014.  *Supra* ¶ 7.

¶ 45    On January 7, 2015, Chase moved to substitute U.S. Bank as party plaintiff, stating:

> "Subsequent to filing the complaint, servicing rights of the subject loan has transferred to RoundPoint Mortgage Servicing Corporation and RoundPoint Mortgage Servicing Corporation would like to proceed in the name of the trustee on behalf of the trust, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for Newlands Asset Holding Trust."

Chase's motion provides no date for when the loan was transferred.  The motion states only that it occurred sometime "[s]ubsequent to filing the complaint."  Thus, when defendants asserted that Chase no longer held the loan, they were correct.

¶ 46    On January 13, 2015, defendants again submitted a request for discovery, including financial records, and claimed that there was "an offsetting liability."  *Supra* ¶ 9.  In addition, they sought documents substantiating the "exchange" with Roundpoint.  On February 10, 2015, defendants filed a document asserting that "the above banks" were not the holder of the note and thus could not foreclose on the property.  The banks listed were:  Chase; RoundPoint; and First Home Mortgage, Corp., the original lender.  If Chase's motion for substitution, filed on January 7, 2015, was correct, then defendants were correct that the three listed banks were not the correct parties in the foreclosure action.

¶ 47    On March 20, 2015, the property was sold at a judicial sale. *Supra*     ¶ 11.  On March 24, 2015, Chase moved to strike defendants' January 13, 2015, discovery request, and defendants' February 10, 2015, filing. A "Report of Sale," filed April 3, 2015, states that U.S.

16

Bank placed the highest bid and thus was sold defendants' home. On April 3, 2015, Chase moved for an order approving the sale and for the entry of an order of possession. On May 27, 2015, defendants filed a response in opposition to the motion, in which defendants again renewed their discovery demands. Defendants argued that they had been requesting documents in discovery for a year and a half, and that Chase had failed to prove that it had standing. Defendants may be correct, if the mortgage transferred before January 2015, as Chase's January 2015 substitution motion alleged.

¶ 48    On June 10, 2015, the trial court set a briefing schedule on Chases' motion to confirm the sale, and the trial court directed Chase "to provide the Court with documents supporting its motion to substitute" U.S. Bank as plaintiff. *Supra*  ¶ 11. The trial court also granted Chase's motion to strike defendants' January 13, and February 10, 2015, filings.

¶ 49    In response to the trial court's request for additional documentation in support of its motion to substitute, Chase filed an assignment to U.S. Bank, dated June 26, 2015–which is *after* the trial court ordered Chase to provide proof. *Supra* ¶ 13. However, the record fails to contain an order *granting* Chase's motion to substitute U.S. Bank. *Supra* ¶ 14 n.2. On July 14, 2015, the trial court confirmed the sale and entered an order of possession in favor of U.S. Bank. *Supra* ¶ 14. The majority concludes in a footnote that it is "evident" that the trial court granted Chase's substitution motion. *Supra* ¶ 14 n.2.

¶ 50    In their reply brief to this court, defendants assert that, when the property was sold to U.S. Bank, they received a notice in the mail stating "that their mortgage payment arrangements would remain the same, not that the property was sold." However, when they appeared in court, "they were given 60 days to vacate the property," which they did.

¶ 51    As the above factual statement makes clear, defendant repeatedly sought documents in

discovery and the accurate information which Illinois Supreme Court Rule 113 (eff. May 1, 2013) guaranteed them.

¶ 52                                     Analysis

¶ 53     Supreme Court Rule 113(a) states that the rule applies "only to those foreclosure actions filed on or after the effective date of May 1, 2013." Ill. S. Ct. R. 113 (eff. May 1, 2013). As noted above, since this action was filed months later on December 30, 2013, there is no question that Rule 113 applies.

¶ 54     The committee notes to Rule 113 state unequivocally: "No judgment of foreclosure will be entered without compliance with Paragraph (c)." Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013).

¶ 55     Paragraph (c) requires that "all" plaintiffs seeking a judgment of foreclosure, by default or not, "shall" be required to submit an affidavit which provides the following information and documents:

> "(ii) An identification of the books, records and/or other documents in addition to the payment history that the affiant reviewed and/or relied upon in drafting the affidavit, specifically including records transferred from any previous lender or servicer. The payment history must be attached to the affidavit in only those cases where the defendant filed an appearance or responsive pleading to the complaint for foreclosure.
>
> (iii) The identification of any computer program or computer software that the entity relies on to record and track mortgage payments. Identification of the computer program or computer software shall also include the source of the information, the method and time of preparation of the record to establish that the computer program produces an accurate payment history, and an explanation as to why the records should be considered

'business records' within the meaning of the law." Ill. S. Ct. R. 113(c)(2)(ii), (iii) (eff. May 1, 2013).

¶ 56    The rule then provides a blank form for the affidavit which states:  "The amount due is based on my review of the following records:  _____. A true and accurate copy of the payment history and any other document I reviewed when making this calculation is attached to this affidavit[.]"   Ill. S. Ct. R. 113(c)(4), Form 1 (eff. May 1, 2013).

¶ 57    Rule 113 requires the attachment of the payment history only when defendants filed an appearance or responsive pleading; and it is arguable whether defendants filed an appearance or responsive pleading.  However, Rule 113 still requires the filing of a paragraph (c) affidavit in every foreclosure, and no such affidavit appears in the appellate record.  While the majority is willing to presume that the trial court entered an order substituting U.S. Bank as party plaintiff even though no such order appears in the record, for us to also presume the existence of a paragraph (c) affidavit would be going too far.

¶ 58    For these reasons, I must respectfully dissent.