2019 IL App (1st) 190627-U

FIRST DISTRICT
SECOND DIVISION
December 24, 2019

No. 1-19-0627

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARY FOSTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 L 2467 |
| | ) | |
| CIGNA HEALTHSPRING, THC-CHICAGO, INC. d/b/a KINDRED CHICAGO NORTH, HOLY CROSS HOSPITAL and SINAI MEDICAL CENTER, | ) | Honorable |
| | ) | Daniel T. Gillespie, |
| | ) | Judge Presiding. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith concurred in the judgment.
Justice Pucinski specially concurred.

**ORDER**

¶ 1    *Held*:  Plaintiff's *pro se* medical malpractice action properly dismissed for failing to plead a legally cognizable claim.

¶ 2    Plaintiff Mary Foster appeals, *pro se*, the dismissal of her amended complaint under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)) against defendants Cigna Healthspring, THC-Chicago, Inc. d/b/a Kindred Chicago North, and Holy Cross Hospital/Sinai Medical Center, asserting medical malpractice relating to the treatment and death of her husband,

Lonzell Foster.

¶ 3    In the amended complaint that is the subject of this appeal, Foster alleged that Lonzell contracted "hospital-induced infections due to negligence" relating to his dialysis treatment, which allegedly ultimately caused his death. Foster also alleged that Lonzell "was mutilated, tortured and physically abuse[d] by the staff of the facilities mentioned above." Foster claimed to have "endured extreme emotional distress *** due to the trauma caused by the staff of the above-mentioned facilities." Foster sought punitive damages of $928 million. Defendants separately moved to dismiss the amended complaint, arguing mainly that the amended complaint failed to plead facts that would give rise to a legally cognizable cause of action. The trial court dismissed Foster's amended complaint with prejudice.

¶ 4    Foster filed a *pro se* brief on appeal[1] using the standardized form approved by the Illinois Supreme Court in January 2018. Although Foster used the approved form, we agree with defendants that her brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. May 25, 2018), which governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Most significantly, Foster's brief fails to include citation to relevant statutory and case law, provides no standard of review, and the pages of the standardized form captioned "ARGUMENT" are not included in the brief. Thus, Foster failed to articulate any legal argument which would permit a meaningful review by this court. *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991). Although Foster completed the "STATEMENT OF FACTS" section, which spans 13 pages, that section contains no page citations to the record, lacks clarity, consists largely of rambling statements, and asserts a "big time cover up."

---

[1] Foster's reply brief was due on November 14, 2019, but no reply brief has been filed to date.

¶ 5 Compliance with Rule 341 is mandatory for all litigants, including *pro se* litigants. *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 14; *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7; *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16. Due to Foster's noncompliance with Rule 341(h), this court may strike her brief and dismiss her appeal. *Dart*, 2015 IL App (1st) 141291, ¶ 12; *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 30; *Rosestone Investments v, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. Nevertheless, because we have the benefit of defendants' cogent briefs, we elect to address Foster's appeal on the merits. *Carter v. Carter*, 2012 IL App (1st) 110855, ¶ 12; *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001); see *Burrell v. The Village of Sauk Village*, 2017 IL App (1st) 163392, ¶ 14 (striking a plaintiff's brief "is a harsh sanction and is appropriate only when the violations hinder our review.").

¶ 6 Turning to the merits, Foster claims that the trial court erred in granting defendants' section 2-615 motion to dismiss. We disagree.

¶ 7 Illinois is a fact pleading jurisdiction, requiring a plaintiff to allege sufficient facts, not simply conclusions, to bring a claim within the scope of a legally recognized cause of action. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Courts are to liberally construe a pleading, "but that does not lessen the obligation of the plaintiff to set out facts necessary for recovery under the theory asserted in the complaint." *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 516 (1987). A trial court properly grants a section 2-615 motion to dismiss only when it is clearly apparent "that no set of facts can be proved that would allow the plaintiff to recover." *Moon v. Rhode*, 2016 IL 119572, ¶ 15. We review a trial court's dismissal of an action under section 2-615 *de novo*. *Id.*

¶ 8 To prevail in a medical malpractice action, the plaintiff must provide evidence of (1) the

applicable standard of care in the medical community; (2) negligent failure to comply with that standard of care; and (3) an injury proximately caused by the deviation from the standard of care. *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 843 (2010).

¶ 9        Foster's amended complaint failed to plead the elements of a medical malpractice action in any fashion. More specifically, Foster failed to state the applicable standard of care, referencing only that Lonzell "was not provided the standard of care, promised by the facilities involved, and stated in their mission statements, based on the information communicated above." Likewise, regarding causation, Foster alleged in a conclusory fashion that Lonzell's "civil rights were violated due to the breach of the standard of care *** contracting hospital-induced infections due to negligence *** casual connection between hospital's negligence and patient's infection *** proving hospital's breach of care *** and standard of care." See *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (2004) (mere conclusions must be disregarded when determining whether a complaint states a cause of action).

¶ 10       Moreover, Foster failed to plead any specific facts against each of the defendants setting forth a legally cognizable claim. In fact, the only mention of THC-Chicago is in reference to Exhibit C, which purported to present photos and videos, and Cigna Healthspring was not mentioned anywhere in the amended complaint.[2] Although the amended complaint stated that Lonzell was hospitalized from December 9, 2015 until his death on March 13, 2015, due to the medical negligence that "he endured at the hands of the medical staff" at Holy Cross, Foster did not plead any facts relating to that hospitalization or supporting the conclusion that any medical malpractice occurred at the hands of the staff at Holy Cross. After reviewing Foster's amended

_____

[2]THC-Chicago and Cigna Healthspring were listed as defendants in the case caption.

complaint, we find that the complaint was both legally and factually insufficient to state a medical malpractice claim against defendants and dismissal under section 2-615 was proper.

¶ 11        Affirmed.

¶ 12        JUSTICE PUCINSKI, specially concurring:

¶ 13        While I agree with the majority on the ultimate result, I think it is important for the *pro se* plaintiff, Mary Foster, to understand why this is the result.

¶ 14        Mrs. Foster's husband, Lonzell, passed away on Mary 13, 2016, while in the care of Kindred North Chicago Hospital. He had been transferred there on December 9, 2015.

¶ 15        The only medical evidence in this case was properly presented by the defendants. Mr. Foster's cause of death was listed as "heart failure, cardiac arrhythmia, respiratory failure, kidney failure and circulatory failure. He was 87. Prior to admittance at Kindred, Mr. Foster was a patient at Holy Cross Hospital for 60 days.

¶ 16        Mrs. Foster expressed concern about Mr. Foster's care at Holy Cross and the hospital asked for a review by KEPRO, a quality improvement organization authorized by the Centers for Medicare and Medicaid Services to review quality of care complaints.

¶ 17        A KEPRO reviewing physician observed that: "Mr. Foster was a chronically ill 87 year old diabetic with history of stroke with left sided weakness, coronary artery disease, heart failure and end stage kidney disease requiring dialysis" which Mrs. Foster stated she was unable to manage at home.

¶ 18        The KEPRO reviewing physician addressed each of Mrs. Foster's concerns regarding Mr. Foster's care at Holy Cross and determine that "the care your husband received met professional recognized standards of care, ***It would be extremely unlikely that a man as ill as this, with multiple organ system disease and/or failure at age 87, would thrive and be able to return home

with a good quality of life and function at any institution in American or under the care of any team of physicians."

¶ 19      Mrs. Foster's *pro se* original complaint named Kindred as a defendant but failed to allege a cause of action against Kindred, which was essential for her case to move forward against it. The court entered and continued Kindred's motion to dismiss pursuant to Rule 2-615. Mrs. Foster did not file an amended complaint at that time, however, the court continued to give her time to file one.

¶ 20      When Mrs. Foster did file her first amended complaint, on January 8, 2019, she did not allege any facts to support a cause of action against Kindred. Mrs. Foster has submitted handwritten documents to this court in which she complains about the care Mr. Foster received at Kindred. We are not able to consider material submitted in this appeal that was not properly submitted to the trial court. Kindred moved to dismiss with prejudice, the court granted the motion under Rule 2-615 and this appeal ensued.

¶ 21      While we can be sympathetic to a woman who has lost her husband of 60 years and can see her frustration in her appeal, this court is still bound by the laws of the state and the rules of court. We are not able to be impartial and help Mrs. Foster make her case, nor are we able to waive any of the laws or rules because she filed this action without benefit of counsel.

¶ 22      There are specific rules for filing a medical malpractice case. They are complex and daunting. Unfortunately, however, Mrs. Foster's case does not conform to those rules and this court is without authority to make corrections for her.