2019 IL App (1st) 182381-U

No. 1-18-2381

Third Division
December 31, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| | ) | Appeal from the |
| JUANITA PATTON, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 18 M6 3950 |
| v. | ) | |
| | ) | Honorable |
| HOUSING AUTHORITY OF COOK | ) | Joyce Marie Murphy Gorman, |
| COUNTY, | ) | Judge, presiding. |
| | ) | |
| Respondent-Appellee. | ) | |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**O R D E R**

¶ 1    Held:    The circuit court's grant of summary judgment in favor of respondent is affirmed where plaintiff's lease requires her to pay respondent's court costs in the eviction action and her security deposit may be used to do so. Plaintiff's claim of unconstitutionality is forfeited where she failed to comply with Illinois Supreme Court Rule 19.

¶ 2    This instant action was instituted for the return of Juanita Patton's (Patton) $250 security deposit (count I) and the collection of interest on that deposit (count II). The circuit court granted summary judgment on count I of Patton's complaint in favor of the Housing Authority

of Cook County (Housing Authority) and dismissed count II of her complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 2-619 (West 2016)). On appeal, Patton contends that: (1) the circuit court erred in granting summary judgment on count I because *res judicata* barred the Housing Authority from inserting an assessment of court costs from the prior eviction action and; (2) the circuit court's dismissal of count II was erroneous where state law was pre-empted by a federal regulation that she asserts allows for the collection of interest on security deposits in low-income public housing. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4         The complaint in the instant action followed the completion of an eviction action against Patton in case no. 17 M6 2937, which was filed on April 10, 2017. That action for possession under the Illinois Forcible Detainer Statute was based on Patton's breach of the lease for her apartment located at 1371-A Wentworth Avenue, where she lived from April 1, 2015 to August 30, 2017. After a bench trial, the circuit court entered judgment for the Housing Authority and awarded it immediate possession.

¶ 5         On April 4, 2018, Patton filed her complaint in the instant action seeking return of her $250 security deposit with interest. The complaint had two counts: count I was for failure to return the security deposit and count II was for failure to pay interest on the security deposit. Count I is pursuant to section 1 of the Security Deposit Return Act, which entitles a tenant to twice the amount of the security deposit, along with court costs and reasonable attorney's fees, if a landlord fails to return the tenant's security deposit within certain time limits. 765 ILCS 710/1 (West 2016). Count II is pursuant to sections 1 and 2 of the Security Deposit Interest Act (SDIA), which requires the landlord to pay interest on the security deposit. 765 ILCS 715/1, 2

(West 2016). Finally, the complaint contends that section 3 of the SDIA, which exempts public housing from paying interest on security deposits, does not apply due to a federal regulation. 24 C.F.R. § 891.435.

¶ 6      On May 23, 2018, the Housing Authority filed a motion to dismiss count II of Patton's complaint pursuant to section 2-619, claiming that it was exempt from paying interest under the SDIA because of the public housing exemption contained in section 3. In her response, Patton contended that there is a conflict between section 2 of the SDIA and a similar federal regulation and because federal law pre-empts state law, section 3 should give way to the federal regulation. The Housing Authority filed its reply, asserting that the regulation does not conflict with state law because the regulation specifically states "[t]he Owner (or Borrower) must comply with any applicable State and local laws concerning interest payments on security deposits." 24 C.F.R. § 891.435(b)(1). The Housing Authority also argued that the federal regulation applies to programs specifically assisting persons with disabilities and the elderly, not to low-income public housing programs. Following a hearing, the circuit court granted the Housing Authority's motion to dismiss count II. Patton filed a motion to reconsider, which the court denied.

¶ 7      The Housing Authority also filed a motion for summary judgment on count I, arguing that it was entitled to keep Patton's security deposit in partial satisfaction of the $343.50 she owed in court costs from the eviction action. The Housing Authority submitted receipts to the court to support its motion. Patton filed a response, contending that, because the circuit court's order in the eviction action contained no specific award of court costs, *res judicata* barred the Housing Authority from retaining the security deposit to offset its court costs. After a hearing,

the court granted the Housing Authority's motion for summary judgment as to count I. This timely appeal of both court rulings followed.

¶ 8                                II. ANALYSIS

¶ 9        We note that the record on appeal only contains the common law record. Patton did not file a transcript, bystander's report, or agreed statement of facts for any trial court proceedings. See Ill. S. Ct. R. 323 (eff. July 1, 2017); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial[.]"). From the procedural history, we are aware that hearings were held on both the motion to dismiss and the motion for summary judgment, but we do not know what arguments were made before the court or the reasoning for the court's decisions. However, we believe the common law record is sufficient to decide this case on the merits. Moreover, we may affirm the circuit court for any reason in the record regardless of the basis relied on by the circuit court. *AIDA v. Time Warner Entertainment Co., L.P.*, 332 Ill. App. 3d 154, 158 (2002).

¶ 10                       A. Count I of Patton's Complaint

¶ 11        Patton first contends that the circuit court erred in granting summary judgment in favor of the Housing Authority as to count I of her complaint. She argues that *res judicata* bars the Housing Authority from claiming that her security deposit must be applied to court costs in the amount of $343.50 from the eviction action. The Housing Authority, on the other hand, argues that Patton is not entitled to the return of her security deposit because the court's order included court costs, though the precise amount was not specified, and Illinois law requires defendants who had judgments entered against them to pay the plaintiff's court costs. Additionally, the Housing Authority claims that Patton's lease states that the security deposit may be applied to any eviction-related court costs and attorney's fees, and even if the security deposit was

required to be returned, it cannot be returned to Patton because she did not pay the security deposit, a third party paid it on her behalf.

¶ 12       We review an order granting summary judgment *de novo*. *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 16. Summary judgment should only be awarded where there is no question of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016). "Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 102 (1992). Further, the court must strictly construe the record against the movant. *Monson v. City of Danville*, 2018 IL 122486, ¶ 12.

¶ 13       Patton contends that the circuit court erroneously granted summary judgment to the Housing Authority because genuine issues of material fact existed, or at the very least, divergent inferences could be drawn from the record. Specifically, she claims that the court's order in the eviction action does not award the Housing Authority court costs and the application of *res judicata* prevents the Housing Authority from now claiming that it is entitled to court costs.

¶ 14       Conversely, the Housing Authority contends that summary judgment was appropriate because the circuit court in the eviction action intended to award the Housing Authority court costs. The order of possession from the eviction action is included in the record before this court. That order states "2. That the Plaintiff(s) have and recover of and from the Defendant(s), ____N/A____N/A____the sum of _____ dollars and costs." There is no other order contained in the record that suggests that the circuit court granted the Housing Authority court costs or that the Housing Authority even requested court costs. Contrary to the Housing Authority's

contention, we do not find that this order grants the Housing Authority court costs to be paid by Patton.

¶ 15 Additionally, the Housing Authority contends that Illinois law requires Patton to pay for the Housing Authority's court costs in the eviction action. Section 108 of the Illinois Code of Civil Procedure allows for every plaintiff that recovers against a defendant to be awarded court costs in the judgment (735 ILCS 5/5-108 (West 2018)), and section 126.5 specifically provides for the plaintiff's recovery of court costs in orders for possession (735 ILCS 5/5-126.5 (West 2018)). Though Illinois law does permit the Housing Authority to recover court costs in the eviction action, no judgment was actually entered awarding such costs. Moreover, the Housing Authority did not file a motion in the circuit court within 30 days of entry of that judgment to remedy this issue.

¶ 16 However, the clear language of Patton's lease does require her to pay the Housing Authority's court costs incurred in an eviction action. Specifically, the lease states that "[i]f the Authority prevails in any legal action against the tenant, the tenant agrees to pay all reasonable attorney's fees, plus costs incurred by the Authority in order to enforce the terms of the residential lease agreement." The lease also entitles the Housing Authority to "use the security deposit at the termination of the lease *** [t]o pay the cost of any rent or any other charges owed by tenant." Thus, a court order was not necessary to require Patton to pay court costs as she had already agreed to do so in her lease.

¶ 17 We briefly note that the Housing Authority's final argument that Patton is not entitled to return of her security deposit because Sarah's Circle, a non-profit organization, paid the deposit on her behalf is without merit. Patton's lease unequivocally states that the tenant is to receive the security deposit at the expiration of the lease, and there is nothing in the record indicating

that Sarah's Circle is entitled to the return of the security deposit and the Housing Authority has not cited to any case law in support of its contention that Sarah's Circle is entitled to it. Accordingly, the circuit court's entry of summary judgment in favor of the Housing Authority regarding count I of Patton's complaint was proper and the Housing Authority is entitled to use Patton's security deposit to pay for its court costs.

¶ 18                                   B. Count II of Patton's Complaint

¶ 19        Patton next contends that the circuit court erred in dismissing count II of her complaint because section 3 of the SDIA is unconstitutional based on its direct conflict with federal regulations. The Housing Authority asserts that Patton failed to comply with Illinois Supreme Court Rule 19 (eff. Sept. 1, 2006) and has therefore waived her claim of unconstitutionality.

¶ 20        Illinois Supreme Court Rule 19 requires a claimant asserting the unconstitutionality or pre-emption of a state statute to notify the Illinois Attorney General, the State's Attorney, municipal counsel, or agency attorney of said claim. Ill. S. Ct. R. 19 (eff. Sept. 1, 2006). "The purpose of Rule 19 is to provide the Attorney General with the opportunity to appear and represent the interest of the state in the action." *U.S. Bank Trust Nat. Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 24. This notice must be served "at the time of suit, answer or counterclaim, if the challenge is raised at that level, or promptly after the constitutional or preemption question arises as a result of a circuit or reviewing court ruling or judgment." Ill. S. Ct. R. 19 (eff. Sept. 1, 2006). Failure to comply with this rule results in forfeiture of the claim. *Vailas v. Vailas*, 406 Ill. App. 3d 32, 42 (2010). "While we have discretion to excuse late compliance with Rule 19, we will not excuse noncompliance." *Id.* Because Patton has not provided any such notice to the Attorney General, she has forfeited her claim of preemption.

¶ 21        Regardless, it is not necessary for us to address the constitutionality of the subject statutory provision to resolve Patton's claim. Contrary to Patton's assertion, section 3 of the SDIA is not in conflict with the federal regulation. Section 891.435 specifically states that it applies to the section 202 program, the section 811 program, and loans financed under Subpart E. Section 202 addresses supportive housing for the elderly and section 811 addresses supportive housing for persons with disabilities. Subpart E allows for loans for housing the elderly and persons with disabilities. The housing involved herein is low-income public housing and, thus, the federal regulation cited by Patton is not applicable to this action. Accordingly, the circuit court was correct in dismissing count II of Patton's complaint.

¶ 22                                    III. CONCLUSION

¶ 23        For the reasons stated, we affirm the judgment of the circuit court.

¶ 24        Affirmed.