VELOCITY INVESTMENTS, LLC, Plaintiff-Appellee, v. GREGORY ALSTON, Defendant-Appellant.

Second District   No. 2—08—0746

Opinion filed January 15, 2010.

Gregory Alston, of Waukegan, appellant *pro se.*

Jerome E. Riley, of Freedman, Anselmo, Lindberg & Rappe, LLC, of Naperville, for appellee.

JUSTICE JORGENSEN delivered the opinion of the court:

Plaintiff, Velocity Investments, LLC, filed suit against defendant, Gregory Alston, based on defendant's default on the terms of his credit card agreement. Defendant originally entered into a credit card agreement with Household Bank, whose interest in the debt was subsequently sold to plaintiff. The trial court entered judgment in favor of plaintiff. Defendant timely appeals. On appeal, defendant argues, *inter alia,* that plaintiff erred by failing to produce the original credit card contract, showing that defendant agreed to its terms and conditions. We agree with this contention and, accordingly, vacate and remand for further proceedings.

In the trial court, defendant filed a motion to dismiss, alleging, *inter alia,* that "plaintiff has no valid documentation showing the amount owed, or the existence of the actual debt owed." On February 28, 2008, the trial court denied defendant's motion to dismiss. We do not have a transcript of the February 28 hearing, but based on the common-law record, defendant has preserved the issue for appeal. See *Exchange National Bank v. Sampson,* 186 Ill. App. 3d 969, 975 (1989) (the issue of the failure to attach a written instrument to the complaint must be raised in the trial court in order to be raised on appeal).

Defendant's argument, however, is undeveloped and without any citation to authority supporting his position. This court is " 'entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented ([210 Ill. 2d R. 341(h)(7)]), and it is not a repository into which an appellant may foist the burden of argument and research.' " *Stenstrom Petroleum Services Group, Inc. v. Mesch,* 375 Ill. App. 3d 1077, 1098 (2007), quoting *Obert v. Saville,* 253 Ill. App. 3d 677, 682 (1993). Accordingly, we have the authority to hold that defendant has forfeited his argument by failing to develop it or cite any authority to support it. See 210 Ill. 2d R. 341(h)(7); see also *People v. Wendt,* 183 Ill. App. 3d 389, 404 (1989). We recognize that defendant is proceeding without the benefit of counsel. However, that

does not relieve him of the obligation to follow proper procedure. While we do not condone defendant's disregard for the rules, we choose to reach the merits of this argument, as we understand the issue defendant intends to raise, and the merits of the issue can be readily ascertained from the record on appeal. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

■ Section 2—606 of the Code of Civil Procedure provides that if a claim "is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her." 735 ILCS 5/2—606 (West 2006); *Sherman v. Ryan*, 392 Ill. App. 3d 712, 733 (2009). The exhibits to which section 2—606 applies generally consist of instruments being sued upon, such as contracts. *Garrison v. Choh*, 308 Ill. App. 3d 48, 53 (1999). Plaintiff's complaint specifically alleged that defendant was indebted to plaintiff "by virtue of a certain agreement entered into by defendant on or about August 2, 2001; said agreement is attached hereto and made a part hereof." This language indicates that the agreement was in writing. But the August 2, 2001, agreement was not in fact attached to the complaint. Other documents were attached, but as discussed later, they were not the written instrument upon which plaintiff's claim was founded.

■ Here, the written instrument upon which plaintiff's claim was founded was defendant's original credit card contract with Household Bank, which contract plaintiff then purchased from the bank. See, e.g., *Parkis v. Arrow Financial Services, LLS*, No. 07—C—410, slip op. at 4 (N.D. Ill. January 8, 2008) (the defendant, a company engaged in the business of buying bad debts from banks, had acquired the right to collect a credit card debt owed by the plaintiff to the bank; the plaintiff brought suit against the defendant, arguing that the failure to attach the written contract between the credit card company and the plaintiff, which was the basis for the suit, violated section 2—606; the district court agreed with the plaintiff); see also *Ramirez v. Palisades Collection LLC*, No. 07—C—3840, slip op. at 3 (N.D. Ill. June 23, 2008) (same). Here, the original credit card contract was not attached. Nor did the complaint include a recitation of all the relevant terms of the contract. See 735 ILCS 5/2—606 (West 2006) (written instrument must be attached to the pleading as an exhibit or recited therein). Finally, plaintiff failed to include an affidavit stating facts showing that the instrument was not accessible to it so as to excuse the failure to attach the written contract. 735 ILCS 5/2—606 (West 2006).

What is attached to the complaint is plaintiff's "Statement of Account," dated October 6, 2005, an affidavit reiterating what is stated in the "Statement of Account," and Household Bank's standard "Cardmember Agreement and Disclosure Statement." The "Statement of Account," generated by plaintiff, stated that defendant's account balance with Household Bank when the debt was charged off was $22,598.50, consisting of $17,078.18 in principal and $5,520.32 in accrued interest, and was "calculated with the default interest rate of 9.99—on the principal amount from the date of the original creditor's charge off through the present." This document is not the written credit card contract between defendant and Household Bank. See *Parkis*, slip op. at 4-5 (debt collector's "Affidavit of Indebtedness," executed by debt collector's account manager and stating the consumer's account balance on his credit card, was not "the basis on which the debt was being sued for," for purposes of section 2—606).

Also, the affidavit attached to the complaint was insufficient for purposes of section 2—606. The affidavit, prepared by plaintiff's service manager, set forth that the service manager had "knowledge of an account in favor of Velocity Investments, LLC and against Gregory Alston with a principal balance due $17,078.18 and interest of $5,520.32 as of May 16, 2006; plus interest at 9.99% from the aforesaid date; until paid is with my knowledge true and correct, after all credits due the defendant, and that further all services were rendered and/or goods were sold and delivered or that the defendant(s) are in breach of the repayment terms as per any and all agreements between the aforementioned parties." The affidavit provided for in section 2—606 is intended to excuse the requirement to present the written contract, where the affidavit explains why the contract is unavailable. See 735 ILCS 5/2—606 (West 2006). Here, plaintiff's affidavit failed to so explain. Therefore, plaintiff's failure to attach the original credit card contract was not excused. See 735 ILCS 5/2—606 (West 2006).

Likewise, Household Bank's standard "Cardmember Agreement and Disclosure Statement" is not the written contract, as it offers no evidence that defendant agreed to be bound by these terms or that these terms even applied to this particular account. See *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill. App. 3d 642, 651, 652 (2009) (plaintiff attached, *inter alia*, copies of cardholder agreements to its second amended complaint; defendant prevailed in arguing that the documents did not constitute a written contract for statute of limitations purposes because, *inter alia*, there was no evidence that the agreement applied to her account or that she agreed to its terms).

Lastly, in the trial court, plaintiff also relied on computerized printouts of defendant's account history to contest defendant's motion

to dismiss. Specifically, plaintiff countered that "these documents have already been admitted as the account history is attached to the 222 Disclosure, 90 (C) package and the Request to Admit. Thus, the defendant has admitted the accuracy of the account statements as well as the credit card contract and has failed to respond to any of those documents." First, the account history could not be considered the written instrument upon which plaintiff's claim is based. See *Ramirez*, slip op. at 4 (billing statements do not contain terms defining acts of default or other remedies, nor do they state whether terms can be altered; it is also questionable whether billing statements reflect an affirmative promise to pay by the customer).

Furthermore, at the same time that the trial court denied defendant's motion to dismiss, it also granted defendant additional time to respond to plaintiff's request to admit. Defendant did so and stated that the account number cited by plaintiff was not for defendant's account; he had never used the account; and he never signed an agreement under that account number. Thus, he did contest the existence of the credit card contract at the heart of this case.

Plaintiff's failure to attach a copy of the credit card contract to the complaint, recite the terms of the contract within the complaint, or attach an affidavit showing that the document is inaccessible is grounds for dismissal. *Sherman*, 392 Ill. App. 3d at 733; see also *Plocar v. Dunkin' Donuts of America, Inc.*, 103 Ill. App. 3d 740, 749 (1981) (holding that dismissal of a breach of contract claim was proper in light of the plaintiffs' failure to recite or attach a copy of the contract). Thus, defendant's motion to dismiss should have been granted without prejudice. See *Portfolio*, 391 Ill. App. 3d at 645 (where the plaintiff failed to attach a copy of the written instrument to its complaint, trial court dismissed the complaint with leave to amend). We, therefore, vacate the judgment and remand the matter to the trial court for further proceedings, premised upon plaintiff's compliance with section 2—606. We need not pass on defendant's remaining contentions.

Accordingly, the judgment of the circuit court of Lake County is vacated and the cause is remanded.

Vacated and remanded.

McLAREN and HUTCHINSON, JJ., concur.