2020 IL App (1st) 192548-U
Order filed September 30, 2020

FIRST DISTRICT
FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| SHENITA D. HARDIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 D 6504 |
| | ) | |
| ERIC TOLAR, | ) | Honorable |
| | ) | Mary S. Trew, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirmed the circuit court's order denying plaintiff's motion to modify the parental allocation judgment, finding that the court's order was not against the manifest weight of the evidence.

¶ 2    Plaintiff, Shenita D. Hardin, and defendant, Eric Tolar, were married on September 1, 2006, and had one child, E.T. They were divorced on July 17, 2012. The judgment for dissolution of marriage awarded plaintiff sole custody of E.T. and allowed Eric visitation on the weekends. On October 14, 2016, the circuit court found a change of circumstances and modified the parental allocation. The court ordered that Eric would be the residential parent and have sole decision-making authority over E.T., and that plaintiff's parenting time would be supervised in a therapeutic

setting. Plaintiff subsequently filed a motion to modify the October 14, 2016, parental allocation so as to make her the residential parent with sole decision-making authority over E.T. The court denied plaintiff's motion on December 13, 2019. Plaintiff filed this *pro se* appeal from the December 13, 2019, order. We affirm.[1]

¶ 3    Following the judgment for dissolution of marriage, Eric filed an *ex parte* emergency petition on May 22, 2015, for immediate possession of E.T. and for immediate modification of the parental allocation order. Eric alleged that: in August 2012, plaintiff began withholding visitation; in September 2012, plaintiff was arrested for electronic harassment of Eric's new wife, Julene, and she was convicted in December 2012 and placed on one year's probation; in May 2013, plaintiff filed a motion to restrict Eric's visitation because he and Julene allegedly were abusing E.T., and the court appointed a child's representative; between March 2014 and May 2015, plaintiff took E.T. to the doctor over 35 times, each time alleging that Eric and Julene were physically abusing E.T. but no evidence of abuse was found; and plaintiff also made multiple reports with the Department of Children and Family Services (DCFS) alleging that Eric and Julene had abused E.T., but all such allegations were determined to be unfounded. In May 2015, plaintiff brought E.T. to the Chicago School Forensic Center (the Forensic Center) for a psychological evaluation, claiming that Eric and Julene were abusing him. The Forensic Center found no evidence of abuse.

¶ 4    Eric further alleged in his emergency petition that on May 17, 2015, plaintiff took E.T. to the hospital and reported that Eric had shot him in the stomach and that E.T. had "put a band aid on it himself." The doctor examined E.T. and determined that he exhibited no signs of physical abuse. Eric stated that plaintiff had previously been ordered to undergo a mental examination with

---

[1] In accordance with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

Dr. Kerry Smith pursuant to Illinois Supreme Court Rule 215 (eff. Jan. 1, 2018)) and that she "took part in the first session, but has since cancelled any further appointments with Dr. Smith." Dr. Smith informed Eric and the child's representative that she was concerned about E.T.'s well-being while in plaintiff's custody, and that the court needed to act on an emergency basis to ensure E.T.'s safety.

¶ 5 Eric argued that E.T. would suffer irreparable harm if left in plaintiff's care "due to the increasing consistency of the abuse allegations and the heightened level of erratic behavior that she has displayed." Eric sought an order requiring plaintiff to turn E.T. over to him immediately, and an order giving him sole custody of E.T.

¶ 6 On May 22, 2015, after reviewing the motion and the preliminary report from Dr. Smith and hearing argument[2], the court found that an emergency existed and that "without emergency immediate intervention the child may be in physical and emotional danger." The court granted Eric immediate possession of E.T., ordered plaintiff to turn over E.T. to Eric, and reserved any and all visitation between plaintiff and E.T. until further order of the court.

¶ 7 On June 12, 2015, plaintiff was "indicated" by DCFS for "Environment Injurious to Health and Welfare (by Neglect)." The "indicated" report is not contained in the record on appeal.

¶ 8 On October 30, 2015, the court conducted a trial on Eric's motion that the parental allocation be modified so as to give him permanent, sole custody of E.T.[3] The court set the matter for ruling on December 14, 2015. On December 14, 2015, the court did not rule on Eric's motion for modification of parental allocation but instead appointed a guardian *ad litem* (GAL) to provide

---

[2] Neither a transcript of the May 22 hearing, nor the preliminary report from Dr. Smith, are contained in the record on appeal.

[3] A transcript of the trial is not contained in the record on appeal.

a written report. The court also granted plaintiff unsupervised weekend visits with E.T. while continuing Eric's temporary possession of him.

¶ 9    The GAL filed a report dated June 28, 2016, which recommended that E.T should remain in Eric's care and that plaintiff should continue to have parenting time on the weekends. The GAL's report is not contained in the record on appeal.

¶ 10    On July 27, 2016, and August 5, 2016, plaintiff filed emergency motions to change custody, accusing virtually everyone involved in this case (Eric, Julene, the GAL, the child representative, the trial judge, and the Parent Guardian Division of the Cook County Court) with engaging in fraud and/or criminal conduct. On August 15, 2016, the court struck plaintiff's emergency motions for failure to appear and ordered that her parenting time must be "supervised by an agency set up by the child's representative."

¶ 11    On October 14, 2016, the court entered an opinion and order granting Eric's motion to modify the parental allocation judgment, finding that there had been a "change in circumstances such that parental responsibilities should be modified and it is in the child's best interest to grant a modification." See section 610.5(c) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/610.5(c) (West 2016) (allowing modification of an allocation judgment when a substantial change in circumstances has occurred and a modification is necessary to serve the child's best interests). The court also stated that it had considered all the factors set forth in sections 602.5 and 602.7 of the Dissolution Act with respect to determining E.T.'s best interests for the purpose of allocating decision-making responsibilities and parenting time. See 750 ILCS 5/602.5, 602.7 (West 2016). The court found that by repeatedly subjecting E.T. to hospital visits, medical exams, and a forensic interview based on false accusations of abuse against Eric and Julene, plaintiff seriously endangered E.T.'s mental, moral, or physical health or significantly

impaired his emotional development. See 750 ILCS 5/603.10 (West 2016) (providing that when a parent is seriously endangering the child's mental, moral, or physical health, or is significantly impairing his emotional development, the court shall enter orders as necessary to protect the child). The court also noted that the contents of plaintiff's emergency motions to change custody "called into question her current mental state."

¶ 12     Based on all these findings, the court ordered that Eric would be E.T.'s residential parent and would have sole decision-making authority over him. The court stated that plaintiff's parenting time "shall be supervised in a therapeutic setting."

¶ 13     Plaintiff subsequently filed a motion to modify the parental allocation judgment as set forth in the October 14, 2016 opinion and order and to make her the residential parent with sole decision-making authority over E.T. The circuit court entered an order, on December 13, 2019, denying plaintiff's motion. The order provided in pertinent part that: (1) plaintiff "has failed to show by a preponderance of the evidence that there has been a substantial change of circumstances for either the child or the parents as required by 750 ILCS 5/610.5 since the court's 10/14/16 order;" (2) plaintiff "has provided no evidence that modifying parenting time or allocation of parental responsibilities is in the best interest of the minor child;" and (3) plaintiff "still has the option of therapeutic special visitation with the minor child if she arranges for it and obtains the court's approval of the facility."

¶ 14     Plaintiff filed a notice of appeal of the December 13, 2019, order denying her motion to modify the October 14, 2016, parental allocation judgment.

¶ 15     Plaintiff's arguments for reversal are forfeited as they are undeveloped and without citation to pertinent authority as required by Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018).

Although plaintiff is proceeding *pro se*, she still is required to comply with Rule 341(h)(7). *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297-98 (2010).

¶ 16 Even if plaintiff had not forfeited her arguments by failing to comply with Rule 341(h)(7), we would still affirm the circuit court's December 13, 2019, order for the following reasons.

¶ 17 The circuit court's decision whether to modify an allocation judgment is reviewed under the manifest weight of the evidence standard. *In re Marriage of Bates*, 212 Ill. 2d 489, 515 (2004). A judgment is against the manifest weight of the evidence when the opposite conclusion is apparent or when the findings are unreasonable, arbitrary, or not based on the evidence. *In re Marriage of Levinson*, 2012 IL App (1st) 112567, ¶ 33. If multiple reasonable inferences arise from the evidence, we defer to the inferences supporting the circuit court's judgment. *Bates*, 212 Ill. 2d at 516.

¶ 18 Plaintiff has failed to cite anything in the appellate record indicating that the factual findings made by the circuit court on December 13, 2019, when denying plaintiff's motion to modify the October 14, 2016, parental allocation judgment were unreasonable, arbitrary, or not based on the evidence, or that the opposite conclusion was apparent. Accordingly, we affirm the circuit court.

¶ 19 We note that in her appellant's brief, plaintiff seemingly argues for the reversal of the dissolution judgment entered on July 17, 2012. Plaintiff never filed a notice of appeal of the July 17, 2012, dissolution judgment and therefore appellate jurisdiction is lacking. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (the filing of the notice of appeal is the jurisdictional step initiating appellate review). Plaintiff only timely filed a notice of appeal of the December 13, 2019, order and therefore that is the only order which we have jurisdiction to review.

¶ 20 For all the foregoing reasons, we affirm the circuit court.

1-19-2548

¶ 21    Affirmed.