**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200328-U

Order filed July 21, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* C.S., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| a Minor | ) | Peoria County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-20-0328 |
| | ) | Circuit No. 19-JA-410 |
| v. | ) | |
| | ) | |
| T.S., | ) | |
| | ) | Honorable Timothy J. Cusack, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appeal dismissed for respondent's failure to file an appellate brief in compliance with Illinois Supreme Court Rule 341(h) (eff. Feb. 6, 2013).

¶ 2     Respondent, T.S., appeals from the trial court's order adjudicating his minor child, C.S., as neglected and a dispositional order finding respondent to be an unfit parent. We dismiss the appeal.

¶ 3                                I. BACKGROUND

¶ 4 Respondent is the father of the minor C.S. Prior to the proceedings in this case, he and the mother were married and living in Iowa with C.S. The mother later moved to Illinois with C.S.; respondent remained in Iowa.

¶ 5 After the mother and C.S. moved to Illinois, the State filed a petition for adjudication of wardship, alleging C.S. was neglected due to an injurious environment. Count A of the petition alleged that C.S. lived with her mother and her mother's paramour, Marilyn M., and was subjected to physical abuse by Marilyn. C.S.'s mother was aware of the abuse but allowed it to continue and refused to cooperate with the Department of Children and Family Services (DCFS). Count B alleged that Marilyn had been diagnosed with post-traumatic stress disorder, bipolar disorder, and personality disorder, but reported that she was not on medication because she did not feel it was necessary. Count C alleged that Marilyn had a criminal history, including a conviction for driving under the influence, theft, and felony theft. Count D alleged that within the past two years, the mother and C.S. had lived in Arizona, Wisconsin, New Mexico, and Illinois.

¶ 6 At the adjudicatory hearing, the State amended the petition to strike the portion of count A which alleged that Marilyn had physically abused the minor. Following a hearing, the court adjudicated C.S. as neglected. At a subsequent dispositional hearing, the court found the mother and respondent to be unfit parents and named DCFS as guardian.

¶ 7 Respondent appeals.

¶ 8 II. ANALYSIS

¶ 9 At the outset, we must first address the State's claim that respondent has forfeited his argument on appeal. As the State notes, respondent's appellate brief leaves something to be desired. Specifically, respondent's appellate brief fails to develop an argument as required by Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013). Despite the State's argument, counsel

for respondent chose not to file a reply brief to remedy the deficiencies in his opening brief. Upon review, we find respondent has forfeited review of his argument by failing to comply with Illinois Supreme Court Rule 341(h)(7).

¶ 10        Illinois Supreme Court Rule 341(h) governs the contents of an appellant's brief. "The rules of procedure concerning appellate briefs are rules and not mere suggestions." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). Failure to comply with the rules regarding appellate briefs is not an inconsequential matter. *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). The failure to comply with appellate rules may result in a forfeiture of the argument and dismissal of the appeal. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005).

¶ 11        In particular, Rule 341(h)(7) requires an appellant's brief to contain argument with "citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). For example, the failure to elaborate on an argument, cite persuasive authority, or a present well-reasoned argument violates Rule 341(h)(7). *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 298 (2010). This is consistent with the principle that "[a] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 12        Here, respondent's argument on the merits falls well short of the requirements of Rule 341(h)(7). Respondent's entire argument is as follows. Respondent begins the argument section

with a generic recitation of the standard of review and the burden of proof in abuse and neglect proceedings. Respondent follows this with:

> "The Court erred in failing to place the minor with Respondent. The State also failed to establish as a matter of law and by way of evidence that Respondent's child's environment was injurious to her welfare."

Respondent then adds:

> "At the adjudication on March 2, 2020, the [S]tate amended its petition to strike two allegations against the minor's mother's paramour: 1) that she punched the minor in the face, and 2) that she pulled a chair out from under the minor. [Citation.] Respondent contends that the remaining allegations in the [S]tate's petition of November 5, 2019 did not amount to neglect of the minor."

Other than the above passage, respondent's brief cites to no other facts within his argument. Respondent then provides a generic two-paragraph discussion of authority describing the principles of abuse and neglect proceedings and the standard of proof. Without any analysis or further discussion, respondent concludes:

> "The Respondent submits the court's judgment finding that wardship was necessary and ordering that DCFS be named as guardian of the minor for purposes of placement was against the manifest weight of the evidence and must be reversed. [Citation.]"

¶ 13     The problem with respondent's brief is that it fails to reference any meaningful facts in his argument. He also fails to develop any analysis of how the authority he cites entitles him to relief

- 4 -

under the facts of this case. Instead, his entire argument boils down to one conclusory sentence. Mere contentions—without argument or citation to authority—do not merit consideration on appeal. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 881 (2010). The failure to elaborate on an argument, cite persuasive authority, or a present well-reasoned argument violates Rule 341(h)(7). *Velocity Investments*, 397 Ill. App. 3d at 297. Accordingly, this argument is forfeited.

¶ 14　　　　We recognize that dismissing an appeal is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Without any meaningful development, respondent fails to offer this court any guidance as to how the case law is relevant, applies to the facts in this case, and entitles him to relief. Given that the State put respondent on notice of his deficient brief, and respondent still failed to file a reply brief to cure the deficiencies, we will not excuse respondent's forfeiture. It is neither the function nor the obligation of this court to act as an advocate or search the record for error. *Mielke v. Condell Memorial Hospital*, 124 Ill. App. 3d 42, 48-49 (1984). Consequently, we dismiss the appeal for failure to comply with Rule 341(h).

¶ 15　　　　　　　　　　　　　　　III. CONCLUSION

¶ 16　　　　For the foregoing reasons, the appeal is dismissed due to respondent's failure to file a brief in compliance with Illinois Supreme Court Rule 341.

¶ 17　　　　Appeal dismissed.