2021 IL App (1st) 210088-U

FIFTH DIVISION
Order filed: September 24, 2021

No. 1-21-0088

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE ESTATE OF CAROLINE McMULLAN, Deceased | ) ) ) | Appeal from the Circuit Court of Cook County |
| (Monica Cooper, | ) ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 18 P 8804 |
| Toni Callaway, | ) ) | Honorable Terrence J. McGuire, |
| Cross-Petitioner-Appellee). | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1     *Held*:    We struck the appellant's brief and dismissed the appeal where the appellant failed to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), and the failure prevents review of the appellant's substantive claims.

¶ 2     The petitioner, Monica Cooper (Cooper), appeals from the order of the circuit court of Cook County, denying her motion to reconsider a previous order, which, *inter alia*, admitted a copy of a will into probate and denied her petition to deny admission of the will on the basis of forgery. For the reasons that follow, we dismiss the appeal.

¶ 3     The following procedural history is taken from the record on appeal.

¶ 4     In December 2018, Cooper filed a petition for letters of administration, alleging that she was the surviving spouse of the decedent, Caroline McMullan, who died on November 19, 2018. The petition further alleged that the decedent died without a will, and that Cooper was the only heir.

¶ 5     In January 2019, the cross-petitioner, decedent's sister Toni Callaway, filed a cross-petition for probate, alleging that the decedent executed a will on October 1, 2018. A purported copy of the will was attached to the petition. The will named Toni Callaway "or" Amanda Callaway as executors. The will ordered the executors to pay decedent's debts and funeral expenses. The will further provided: "After meeting these expenses pay the remainder of my estate to Toni Callaway *** or Amanda Callaway."

¶ 6     Cooper filed a petition to deny the admission of the will, arguing that it was a forgery.

¶ 7     Following an evidentiary hearing the circuit court entered an order on March 16, 2020, stating:

> "1. Toni Calloway's [*sic*] *Petition for a Formal Proof of Will* is granted;
>
> 2. Toni Calloway's [*sic*] *Petition to Admit a Will Copy* is granted; and
>
> 3. Monica Cooper's *Petition to Deny the Admission of the Will on the Basis of Forgery* is denied."

On March 19, 2020, Cooper, *pro se*, filed a notice of appeal.

¶ 8    On June 25, 2020, Cooper's attorney, Tarick Loutfi, filed a motion to withdraw as attorney in the action. On August 14, 2020, Loutfi filed a petition for attorney fees and costs.

¶ 9    On September 21, 2020, while the matter was pending in this court, Cooper, *pro se*, filed a motion for reconsideration of the order admitting the will in the circuit court. On October 5, 2020, Cooper filed a second motion for reconsideration. On October 9, 2020, Toni filed a motion to strike the motion for reconsideration, arguing that it was untimely.

¶ 10    On October 14, 2020, Cooper moved this court to "remand" the matter to the circuit court for reconsideration arguing that her attorney withheld evidence. This court treated the motion as a motion to dismiss the appeal and remand the matter to the circuit court. On November 12, 2020, this court granted the motion, noting that: "We take no position on the merits of the allegations contained in the motion that Appellant filed in the Illinois Appellate Court." The mandate of this court issued on January 4, 2021.

¶ 11    On January 6, 2021, the circuit court ordered the estate to pay Loutfi fees and costs of $2,724.50 for services benefiting the estate.

¶ 12    On January 14, 2021, Cooper filed a notice of motion that indicated Cooper would "present the attached objection to proposed order." However, the record does not contain a copy of a motion. On January 22, 2021, the circuit court entered an order that: granted Toni's motion to strike the motion to reconsider the order admitting the will, finding Cooper's motion to reconsider was untimely filed; and denied Cooper's objection to the order granting Loutfi's petition for attorney fees. Cooper filed a notice of appeal on January 27, 2021.

¶ 13    Initially, we note that Toni did not file a brief, and we ordered this case taken on Cooper's brief alone. In general, a reviewing court will not act as an advocate for an appellee who fails to file a brief or search the record for the purpose of sustaining the circuit court's judgment. *In re D.S.*, 2021 IL App (1st) 192257, ¶ 19 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 62 Ill. 2d 128, 133 (1976)). However, we will not reverse automatically in the absence of an appellee's brief, and the appellant still bears the burden of establishing error. *Id.* (citing *First Capitol Mortgage Corp.*¸ 62 Ill. 2d at 131-32). We conclude that Cooper has not met that burden.

¶ 14    Upon review, we find that Cooper's brief fails to conform with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Rule 341 governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory, and the fact that a party appears *pro se* does not relieve that party from complying as nearly as possible with the rules for practice before this court. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; see also *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7 ("An appellant's *pro se* status does not alleviate the duty to comply with our supreme court's rules governing appellate procedure.").

¶ 15    Here, we find that Cooper has failed to comply with Rule 341(h) in almost every respect. The brief has no table of contents or "points and authorities" in violation of Rule 341(h)(1). The brief does not contain an introductory paragraph setting forth the nature of the action and of the judgment appealed from as required by Rule 341(h)(2). There is no statement of the issue presented for review in violation of Rule 341(h)(3). Cooper has also neglected to include a statement of jurisdiction in compliance with Rule 341(h)(4)(ii). Cooper's brief does make numerous factual assertions, but we cannot consider this as the statement of facts required by Rule 341(h)(6), because it is impossible to determine, in light of the other deficiencies, whether these factual

- 4 -

assertions constitute "the facts necessary for an understanding of the case." Moreover, we do not find that these facts are presented "accurately and fairly without argument or comment" and, most importantly, there are no citations to the pages of the record on appeal. See Rule 341(h)(6). The brief contains no separate argument section. However, to the extent that argument is improperly conflated with Cooper's statement of facts, we cannot find compliance with Rule 341(h)(7), because Cooper's arguments are, with the exception of a single reference to a section of the Probate Act of 1975 (755 ILCS 5/6-21 (West 2020)), devoid of citation to authority and references to the pages of the record. Finally, we note that the brief does not contain an appendix as required by Rule 342. See Rule 341(h)(9).

¶ 16    When a brief fails to comply with the requirements of Rule 341, it is within our discretion to strike the brief and dismiss the appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 12 (citing *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77). This court is " 'not a repository into which an appellant may foist the burden of argument and research.' " *Cimino v. Sublette*, 2015 IL App (1st) 133373, ¶ 3 (quoting *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010)). Here, we find that the deficiencies in Cooper's appellant's brief are such that we cannot properly consider the merits of her appeal. Accordingly, we exercise our discretion to strike Cooper's brief and dismiss this appeal.

¶ 17    Appeal dismissed.