2022 IL App (1st) 210675-U

FIFTH DIVISION
Order filed: March 4, 2022

No. 1-21-0675

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GLENWOOD MANOR #2 CONDOMINIUM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 2016 M6 1037 |
| | ) | |
| | ) | |
| CHERYL B. BASS and CURTIS L. BASS, JR, | ) | Honorable |
| | ) | Carrie E. Hamilton, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1   *Held*: We dismissed this appeal where the appellants' brief failed to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and the failure prevents review of the appellants' claims of error.

¶ 2   The defendants, Cheryl B. Bass and Curtis L. Bass, Jr, acting *pro se,* filed a notice of appeal from various orders of the circuit court which, *inter alia*: granted the plaintiff, Glenwood Manor #2 Condominium (Glenwood) possession of Unit 514, 700 Bruce Lane, Glenwood, Illinois (the

Unit); entered a judgment against them in favor or Glenwood in the sum of $4,189.34; and denied their motion to vacate the judgment for possession. For the reasons which follow, we dismiss this appeal.

¶ 3    From the record it appears that Glenwood filed the instant action against the defendants, seeking possession of the Unit by reason of the defendants' failure to pay common expenses and also sought a judgment against the defendants for unpaid assessments, attorney fees, and costs. The circuit court entered a judgment for possession of the Unit in favor of Glenwood and a $4,189.34 judgment against the defendants. The defendants filed a motion to vacate the judgment of possession which the circuit court denied on May 17, 2021. On June 11, 2021, the defendants filed their *pro se* notice of appeal, and on September 14, 2021, they filed their *pro se* brief.

¶ 4    Initially, we note the appellee, Glenwood, did not file a brief, and we ordered this case taken on the defendants' brief alone. As a reviewing court, we will not act as an advocate for an appellee who fails to file a brief or search the record for the purpose of sustaining the circuit court's judgment. *In re D.S.*, 2021 IL App (1st) 192257, ¶ 19 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 62 Ill. 2d 128, 133 (1976)). However, we will not automatically reverse a judgment in the absence of an appellee's brief. *Id.* (citing *First Capitol Mortgage Corp.*, 62 Ill. 2d at 131-32).

¶ 5    Upon review, we find that the defendants' brief fails to conform with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Rule 341 governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory, and the fact that a party appears *pro se* does not relieve that party from complying as nearly as possible with the rules for practice before this court. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; see also *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7 ("An appellant's *pro se* status

does not alleviate the duty to comply with our supreme court's rules governing appellate procedure.").

¶ 6    Here, we find that the defendants have failed to comply with Rule 341(h) in almost every respect. Their brief has no table of contents or "points and authorities" in violation of Rule 341(h)(1). The brief does not contain an introductory paragraph setting forth the nature of the action and of the judgment appealed from as required by Rule 341(h)(2). There is no statement of the issue presented for review in violation of Rule 341(h)(3). The defendants have also neglected to include a statement of jurisdiction in compliance with Rule 341(h)(4)(ii). The defendants' brief does make numerous factual assertions, but we cannot consider this as the statement of facts required by Rule 341(h)(6), because it is impossible to determine, in light of the other deficiencies, whether these factual assertions constitute "the facts necessary for an understanding of the case." Moreover, we do not find that these facts are presented "accurately and fairly without argument or comment," and most importantly, there are no citations to the pages of the record on appeal. See Rule 341(h)(6). The brief contains no separate argument section. However, to the extent that argument is improperly conflated with the defendants' statement of facts, we cannot find compliance with Rule 341(h)(7), because the defendants' arguments are devoid of citation to authority and references to the pages of the record. Finally, we note that the brief does not contain an appendix as required by Rule 342. See Rule 341(h)(9).

¶ 7    When a brief fails to comply with the requirements of Rule 341, it is within our discretion to strike the brief and dismiss the appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 12 (citing *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77). This court is " 'not a repository into which an appellant may foist the burden of argument and research.' " *Cimino v. Sublette*, 2015 IL App (1st) 133373, ¶ 3 (quoting *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010)).

Here, we find that the deficiencies in the defendants' brief as appellants are such that we cannot properly consider the merits of their appeal. Accordingly, we exercise our discretion to strike the defendants' brief and dismiss this appeal.

¶ 8    Appeal dismissed.