**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230707-U

Order filed October 17, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| MOHAN BAMZAI, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0707 |
| | ) | Circuit No. 21-AR-2051 |
| SANDRA MOOSANI, | ) | |
| | ) | The Honorable |
| | ) | Robert G. Gibson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    In an appeal in a civil case for breach of a contract relating to a commercial lease agreement, the appellate court found that the plaintiff's opening brief on appeal failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), the supreme court rule that addresses the content and structure of appellate briefs. The appellate court, therefore, found that plaintiff's arguments on appeal were forfeited, struck plaintiff's appellate briefs, and dismissed the appeal.

¶ 2    Plaintiff, Mohan Bamzai, filed a one-count second amended complaint against defendant, Sandra Moosani, for breach of contract relating to a commercial lease agreement into which the parties had entered. Defendant filed a two-count counterclaim against plaintiff for breach of

contract and rescission related to the same lease agreement. Following a bench trial, the trial court ruled in defendant's favor on plaintiff's second amended complaint and in plaintiff's favor on defendant's counterclaim and found that neither party owed the other party any money.[1] Plaintiff appealed. We find that plaintiff's arguments on appeal are forfeited due to plaintiff's failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), the supreme court rule that addresses the content and structure of appellate briefs. We, therefore, strike plaintiff's appellate briefs and dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff was the owner of certain real property (referred to hereinafter at times as the property or the premises) located on Washington Street in Naperville, Du Page County, Illinois. The property consisted of a single-story home with a basement. In February 2020, plaintiff and defendant entered into a written commercial lease agreement for the property. The purpose of the lease, as both parties were aware, was so that defendant could operate a hair or beauty salon at the property (defendant was not going to live at the property). The initial term of the lease agreement was for a period of three years, and the lease could be extended after that period had ended. Relevant to this appeal, the lease agreement, which had apparently been prepared by plaintiff, provided that (1) defendant would pay plaintiff $3000 per month for rent during the first year of the lease and would also pay for utilities; (2) defendant would not have to pay rent for the first two months of the lease term (February and March 2020); (3) defendant would pay a

---

[1]The trial court's ruling on defendant's rescission claim was somewhat unclear. The trial court commented that it appeared that the parties had acknowledged that the lease was over since there was already a new tenant renting the property but, to the extent that it was necessary, the trial court could enter an order deeming the lease to be rescinded. The written order that was prepared by defendant's attorney and subsequently entered by the trial court, however, merely indicated that the trial court had ruled in defendant's favor on all claims raised by plaintiff and in plaintiff's favor on all claims raised by defendant.

security deposit to plaintiff of $3000; (4) defendant could make alterations and improvements to the property at her own expense, as long as she obtained plaintiff's consent in advance; (5) all damage caused to the premises by defendant's removal of temporary installations at the end of the lease term would be repaired by defendant at defendant's expense; (6) defendant would comply with all laws, orders, ordinances, and other public requirements pertaining to her use of the premises; and (7) plaintiff could use defendant's security deposit to offset any rent arrearage that was owed by defendant or to satisfy any of defendant's other covenants or obligations under the lease agreement. Also relevant to this appeal, however, the lease agreement did not contain an attorney fees provision to allow either party to recover his or her attorney fees if that party had to take legal action to enforce the lease or a *force majeure* provision to specify which party, if any, would bear the loss under the lease of an unforeseen event, such as a global pandemic.

¶ 5        After the parties had entered into the lease agreement, defendant paid plaintiff the $3000 security deposit and had the utilities for the property placed into her name. Soon thereafter, defendant began making changes to the first story of the property consistent with her intention to use the property as a hair salon. Among other things, defendant installed a new vinyl floor over the existing wood floor, painted one or more of the walls white, installed a massage room, and moved the bathroom sink to a different location. According to plaintiff, defendant did not obtain plaintiff's consent before those changes were made to the premises. Plaintiff was aware, however, that some changes were being made to the premises and did not expressly object to those changes.

¶ 6        In March 2020, the month after the parties had entered into the lease agreement, Illinois Governor J.B. Pritzker issued a disaster proclamation and an executive order relating to the COVID-19 pandemic. The executive order required non-essential businesses, such as

3

defendant's hair salon, to close and non-essential workers to stay home. The stay-at-home order was extended through April 30, 2020, and again through May 31, 2020. As a result of the Governor's proclamation and orders, defendant was not able to operate her hair salon at the premises during those time periods.

¶ 7        Around the time that defendant's April 2020 rent payment was due, defendant told plaintiff in a text message conversation that she was not going to be able to pay the rent because she had not been able to work (or even be at the property) due to the pandemic and the Governor's orders. Plaintiff responded that he would be forced to end the lease. Later the following month (May 2020), plaintiff put a "for lease" sign up in the front of the building, although he subsequently testified at the trial that he only did so to cover an old ugly sign that was already there. Defendant moved all of her belongings out of the premises by the end of May 2020 and tore out the vinyl flooring that she had installed, leaving the original wood floor in place. Upon doing so, defendant left the pieces of the removed vinyl flooring stacked in piles inside the premises.

¶ 8        In early June 2020, on the advice of an attorney, plaintiff sent defendant a five-day notice to terminate the lease for failure to pay rent and also posted a copy of the notice on the premises. Defendant was already moved out of the property at that time. Defendant later requested that her security deposit be returned, but plaintiff refused. Plaintiff made some efforts to find a new tenant but did not relet the property until about 12 months later.

¶ 9        In December 2021, plaintiff filed a civil lawsuit against defendant in the trial court for breach of contract. The complaint was subsequently amended. In January 2023, plaintiff filed his second amended complaint, the operative pleading in this case. The second amended complaint contained one count for breach of contract against defendant and sought several thousands of

dollars in damages. A copy of the lease agreement was attached to the second amended complaint as an exhibit.

¶ 10    In February 2023, defendant filed her answer to the second amended complaint and denied that she had breached the lease agreement. Defendant also filed numerous affirmative defenses, including constructive eviction, impossibility, impracticability, frustration of purpose, and failure to mitigate damages, and a two-count counterclaim, alleging breach of contract (for the return of her security deposit) and recission.

¶ 11    Several months later, in November 2023, the case proceeded to a bench trial in the trial court, for which both parties were present. Plaintiff represented himself at the trial, and defendant was represented by an attorney. The trial took one day to complete. The only witnesses who testified at the trial were plaintiff and defendant. In addition to that testimony, the parties admitted into evidence several exhibits, including copies of the lease agreement, some of the text messages that had been sent between the parties, pictures of the condition of the flooring after defendant had moved out, bills or estimates that plaintiff had received for the repair work that was done, and some of plaintiff's answers to defendant's affirmative defenses and counterclaim. At the conclusion of the trial, after all of the evidence had been presented and the parties had made their closing arguments, the trial court found in favor of defendant on plaintiff's second amended complaint and in favor of plaintiff on defendant's counterclaim.[2] The trial court ruled that neither party owed the other party any money and that plaintiff did not have to return defendant's security deposit because defendant had torn up the vinyl flooring.

_____

[2]As noted in the prior footnote, the trial court's ruling on defendant's recission claim was somewhat unclear.

5

¶ 12     Plaintiff filed a self-represented appeal. In so doing, plaintiff used the preprinted fill-in-the-blank appellant's opening brief form that had been approved for such use by our supreme court. Plaintiff, however, left portions of the form blank, including the area where he was supposed to explain and support his arguments. He also failed to cite to the trial court record, except in a few instances.

¶ 13                                              II. ANALYSIS

¶ 14     On appeal, as best as we can determine, plaintiff argues that the trial court erred in (1) not awarding plaintiff the full cost of having the vinyl floor replaced that defendant had torn out (listed in plaintiff's opening brief as "INCORRECT CHARGE"), (2) not honoring an oral agreement between the parties whereby plaintiff would replace the windows in the premises and defendant would replace the flooring (listed in plaintiff's opening brief as "NOT HONORING ORAL AGREEMENT"), (3) finding that the lease was null and void due to the COVID-19 pandemic (listed in plaintiff's opening brief as "LEASE IS NOT NULL AND VOID IN THE EVENT OF COVID"), and (4) not resolving the case through compromise (listed in plaintiff's opening brief as "SOLVING PROBLEMS THROUGH COMPROMISE"). Because of those alleged errors, plaintiff asks that we "change the trial court's judgment" to state that plaintiff should be reimbursed for some or all of his expenses.

¶ 15     Defendant argues that the trial court's ruling was proper and should be upheld. In support of that argument, defendant asserts, among other things, that the trial court's finding—that many of defendant's affirmative defenses applied in this case and excused defendant's performance of the lease agreement—was not against the manifest weight of the evidence. For that reason and the other reasons stated in defendant's response brief, defendant asks that we affirm the trial court's judgment.

¶ 16    Before we reach the merits of the parties' arguments on appeal, however, we must first address defendant's additional assertion that plaintiff's opening brief should be stricken because plaintiff failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020)—the supreme court rule that addresses the content and structure of appellate briefs.

¶ 17    It is well established that the appellate court is not simply a depository into which a party may dump the burden of argument and research. *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. To the contrary, a reviewing court is entitled to have the issues before it clearly defined with relevant authority cited and cohesive arguments presented. See *id.*; *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. In line with those principles, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of the record relied on." An appellant violates Rule 341(h)(7) when he or she fails to elaborate on an argument, fails to cite persuasive authority, or fails to present well-reasoned argument. See *E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. Allegations that are vague or that are merely listed in the appellant's brief without explanation or analysis do not satisfy Rule 341(h)(7); nor do citations that merely point to irrelevant authority. See *id.*; *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010).

¶ 18    As has often been stated, the supreme court rule that addresses the content and structure of appellate briefs is not merely a suggestion but is a mandatory rule that must be followed. See, *e.g.*, *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶¶ 17, 20. The purpose of the rule is to require the parties to present clear and orderly arguments to the reviewing court, supported by citations of legal authority and to the record, so that the reviewing court can properly determine and dispose of the issues involved. *Id.* The failure to comply with the

7

requirements of Rule 341(h)(7) with respect to a particular argument may result in that argument being forfeited on appeal and may constitute grounds for the appellate court to strike the argument or the brief entirely and dismiss or affirm the appeal. See *E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56; *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010); *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶¶ 6-10. Strict adherence to the standard set forth in Rule 341(h)(7) is necessary to expedite and facilitate the administration of justice. See *Mielke v. Condell Memorial Hospital*, 124 Ill. App. 3d 42, 48 (1984) (referring to a prior version of the rule wherein the standard referred to was contained in a different subparagraph). It is not the function nor the obligation of the appellate court to act as an advocate or to search the record for error. *Id.* at 48-49; *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 19        In the instant case, upon reviewing plaintiff's opening brief and also considering plaintiff's reply brief, we find that plaintiff has failed to properly develop and support his claims as required by Supreme Court Rule 341(h)(7). See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56; *Korzen*, 2013 IL App (1st) 130380, ¶ 65 (finding that the defendants had forfeited their claim of a Truth in Lending Act violation because the defendants had failed to properly develop their arguments on appeal as to that claim). Rather than providing this court with cohesive and well-supported arguments in furtherance of his position, as the supreme court rule requires (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56), plaintiff makes a one-sentence conclusory statement on each of his alleged issues in the argument section of his opening brief with no reasoning or explanation and no citations to legal authority or to the trial court record.[3] We must conclude,

_____

[3]The points and authorities section of plaintiff's brief contained slightly more detailed statements of plaintiff's first three arguments in the space where plaintiff was supposed to write the title of each argument. No authorities were listed, however. The title statement of the fourth argument (solving problems through compromise) in the points and authorities section was much longer with plaintiff

8

therefore, that plaintiff has forfeited his claims on appeal. See *E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56; *Velocity Investments*, 397 Ill. App. 3d at 297; *Walters*, 2011 IL App (1st) 103488, ¶¶ 6-10. Having so concluded, we strike plaintiff's appellate briefs and dismiss the appeal. See *E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56; *Velocity Investments*, 397 Ill. App. 3d at 297; *Walters*, 2011 IL App (1st) 103488, ¶¶ 6-10.

¶ 20        In doing so, we are mindful of the difficulty that a self-represented litigant faces in trying to navigate the legal system and the trial and appellate process. Under well-established Illinois law, however, self-represented litigants are required to follow the same procedures that litigants who are represented by attorneys must follow. *Junior*, 2016 IL App (1st) 152109, ¶¶ 16, 20; *Velocity Investments*, 397 Ill. App. 3d at 297-98. That a party represents themself in an appeal without an attorney does not relieve that party of the obligation to substantially follow proper procedure. *Junior*, 2016 IL App (1st) 152109, ¶¶ 16, 20; *Velocity Investments*, 397 Ill. App. 3d at 297-98.

¶ 21                                III. CONCLUSION

¶ 22        For the foregoing reasons, we strike plaintiff's briefs and dismiss the appeal.

¶ 23        Appeal dismissed.

---

complaining at length about the conduct of defendant and defendant's attorney and about their failure to resolve the parties' dispute through compromise.