2025 IL App (1st) 250265-U

No. 1-25-0265

Order filed October 9, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M6 5491 |
| | ) | |
| LATOYA JUDGE, | ) | Honorable |
| | ) | Fredrick H. Bates, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court did not err by (1) allowing plaintiff to pursue its claim in court after an arbitration award was vacated on defendant's motion and (2) denying defendant's motion to dismiss. Defendant did not establish error with regards to wage garnishment order when the circuit court vacated the order and ordered the return of all garnished wages. Defendant failed to furnish a sufficient record for appellate review of her claim that multiple errors occurred at trial.

¶ 2    Following a bench trial, the circuit court entered judgment in favor of plaintiff Midland Credit Management, Inc. ("Midland") and against defendant Latoya Judge ("Judge") in the amount of $2,625.92. Judge appeals *pro se*. For the following reasons, we affirm.

¶ 3    The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record.

¶ 4    On July 11, 2022, Midland filed a complaint against Judge for breach of contract, unjust enrichment and account stated related to an unpaid credit card debt, seeking damages of $2,223.44 plus costs. Midland asserted that it was the successor to the original creditor and attached copies of Judge's credit card statement, the bill of sale from the original creditor to Midland for Judge's account, and a credit card or debt buyer collection action affidavit from one of Midland's employees under Supreme Court Rule 280.2 (eff. Nov. 1, 2019) attesting to Midland's ownership of the debt.

¶ 5    Judge, *pro se*, filed an appearance, answer and a motion to compel arbitration. In a paragraph within that motion, she attempted to "countersue" for $5,000 for "unlawfully reporting false payment history to the credit bureaus."  Midland also filed a motion to transfer the case to arbitration. The court ordered the case to proceed to mandatory arbitration.  The arbitration hearing was scheduled for January 3, 2023.  On February 14, 2023, on Midland's motion, the circuit court noted that the arbitration award was filed with the clerk on January 3, 2023, and no party filed a notice of rejection.  The court entered judgment on the arbitration award in favor of Midland for $2,233.44, plus costs of $348.51.

¶ 6    On March 9, 2023, Judge filed a motion to vacate the judgment, alleging she did not receive notice of the arbitration hearing, and requested a trial.  In August 2024, Midland instituted

collection proceedings against Judge.  Judge responded by asking the court to continue the wage garnishment proceedings until it heard her motion to vacate. In the alternative, she asked for a court-ordered payment plan. She also filed a motion to "open case and motion to vacate" judgment. The court entered a wage deduction order on October 6, 2024.  Judge then filed a motion to stop the wage garnishment, alleging that Midland "illegally" garnished her wages and the arbitration award did not exist because she could not obtain a copy of it.  Judge asked the court to dismiss the wage garnishment action with prejudice and vacate the judgment. Midland objected and alleged, in pertinent part, that Judge failed to appear at the arbitration hearing and her motion to vacate the judgment was stricken for failing to provide proper notice. The circuit court granted Judge's motion in part and vacated the wage deduction order.

¶ 7    Judge next sought leave to file a counterclaim alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The court granted Judge's motion to vacate and to set a trial date, vacated the February 14, 2023 judgment on the arbitration award and set the case for trial on February 10, 2025. The court found Judge's motion for leave to file a counterclaim moot and ordered that all garnished wages be returned to Judge within 30 days.

¶ 8    On January 3, 2025, Judge filed a motion to dismiss the case, arguing that she did not owe Midland money and Midland failed to provide sufficient evidence to prove that she did.  She also argued that Midland was not licensed to collect debt in Illinois and sought leave to refile the counterclaim.

¶ 9    On February 10, 2025, both parties appeared in court for trial. The court denied Judge's motion to dismiss, noting that the exhibits to her motion demonstrated that Midland's license was valid. The court granted Judge's request to reinstate her counterclaim, but then dismissed it *sua*

*sponte* on the merits, holding that "no false representations were made" as a valid judgment was in place at the time Midland initiated the collection activity. The court held a bench trial with witnesses under oath and admitted exhibits into evidence. Following trial, the court ruled in favor of Midland and against Judge, finding that Judge did not dispute that this was her debt, she offered no evidence to dispute the balance owed, and she "materially" misunderstood that Midland legitimately purchased the debt. The court therefore entered judgment in favor of Midland and against Judge for $2,223.44, plus costs of $402.48. Judge appealed.

¶ 10    Midland did not file a brief with this court, and we ordered that the appeal be taken on Judge's brief and the record only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief.").

¶ 11    As a preliminary matter, our review of Judge's appeal is hindered by her failure to comply with Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Her brief contains a narration of the case from her point of view rather than presenting the facts "accurately and fairly without argument or comment," as is required by Rule 341(h)(6). Her brief also lacks cohesive legal arguments and reasoned bases for those arguments, in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 12    Accordingly, it would be within our discretion to dismiss this appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. Despite the deficiencies in Judge's

brief, however, it is clear that she wishes to challenge, mainly, the trial court's entry of judgment in favor of Midland following trial. We therefore proceed to the discernable merits of her appeal.

¶ 13     First, Judge argues that, because the parties chose arbitration, Midland did not have the right to pursue the claim in court. Judge cites no authority for this argument and thus, it is forfeited. See *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010) (party forfeited his argument by failing to develop it or cite any authority to support it). Forfeiture aside, her argument fails. After mandatory arbitration, if no party files a notice of rejection, any party may move the court to enter judgment on the award, which is what Midland did in this case, and the court entered the judgment. See Ill. Sup. Ct. R. 92(c) (eff. Jan. 1, 2017). Thereafter, Judge asked the circuit court to vacate that judgment because she did not have notice of the arbitration hearing and to set the case for trial. The circuit court granted her motion, vacated the judgment and held a trial, at her request. She cannot now argue that the court erred in doing so. See *Gaffney v. Board of Trustees of Orland Fire Protection Dist.*, 2012 IL 110012, ¶ 33 (invited error rule "prohibits a party from requesting to proceed in one manner and then contending on appeal that the requested action was error.").

¶ 14     Judge next contends that the court erred in denying her motion to dismiss Midland's complaint because there was no contract between her and Midland and Midland did not have a valid license to practice debt collection. Judge cites no authority for these arguments and thus, they are forfeited. See *Velocity Investments, LLC*, 397 Ill. App. 3d at 297. Forfeiture aside, her arguments fail. Our standard of review of a motion to dismiss is *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29. With respect to her first argument, the circuit court held that Judge "materially" misunderstood that Midland legitimately purchased the debt. The documents

attached to Midland's complaint establish that Judge had a Wayfair credit card issued by Comenity and that Comenity sold Judge's account to Midland in April 2021. The circuit court also rejected Judge's argument about Midland's license, holding that the very exhibits Judge attached to her motion showed that Midland's license was valid. We find that the circuit court properly denied Judge's motion to dismiss.

¶ 15    Although Judge also argues that the trial court improperly allowed Midland to begin wage garnishment without first responding to her motion to vacate, Judge successfully challenged the wage garnishment order. The court ordered that all garnished wages be returned to Judge within 30 days. There is no evidence in the record to support her contention that Midland garnished any of her wages prematurely or did not return the wages pursuant to the court's order. Accordingly, we reject Judge's argument.

¶ 16    Judge also challenges the trial court's denial of her motions for leave to file counterclaims. However, she cites no authority for this argument and thus, it is forfeited. See *Velocity Investments, LLC*, 397 Ill. App. 3d at 297.

¶ 17    Judge next argues that she questioned the validity of the bill of sale and other Midland documents at trial and argues that Midland submitted "false documents." She also argues that she "verbally ask[ed] for no trial" and takes issue with how the trial was conducted, including arguing that the trial court was biased against her. However, we are unable to reach the merits of these arguments due to deficiencies in the record on appeal. Judge has not provided this court with a report of proceedings from the trial or an acceptable substitute under Supreme Court Rule 323. Ill. Sup. Ct. R. 323 (eff. Jul. 1, 2017).

¶ 18    Judge, as the appellant, has the burden to provide a complete record for review in the appellate court to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, we must "presume[] that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. Any doubts which may arise from the incompleteness of the record are resolved against the appellant. *Id.*

¶ 19    Here, we have no transcript from any hearing, court appearance or the bench trial. Without a transcript or an acceptable substitute, we are unable to determine what evidence and testimony were admitted or excluded at trial and have no knowledge of what arguments were presented to the trial court. There is no evidence in the record of any bias or prejudice against Judge. Accordingly, we must presume that there was a sufficient factual basis to support the entry of the challenged orders. See *id.* at 391-92.  Thus, we reject Judge's argument.

¶ 20    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 21    Affirmed.